[No. 4862.]

## SIMON JONES v. B. J. SHAY.

FORCIBLE ENTRY AND DETAINER.—A person who is in the actual and peaceable possession of land, as the tenant at will of another, may maintain an action of forcible entry and detainer, if forcibly dispossessed.

TENANT AT WILL.—If the owner of land permits another to occupy land without any lease or agreement to pay rent, and such other merely takes care of it for the owner, he is a tenant at will.

PRACTICE AS TO REVIEW OF EVIDENCE.—If the proof does not warrant the damages awarded in an action of forcible entry, the defendant, if he wishes to have the question reviewed, should either move for a new trial on that ground, or specify in his bill of exceptions in what particulars the evidence did not justify the decision.

APPEAL from the County Court, City and County of San Francisco.

Action of forcible entry and detainer to recover possession of a lot on Mission street, said city and county. On the trial, the plaintiff testified that his brother-in-law bought the lot in controversy, and allowed him to live on it and take care of it for him, and that he had no lease and paid no rent. The counsel for the defendant moved for a nonsuit, because the plaintiff had no right to maintain the action. The motion was denied. The case came up on a bill of exceptions, settled July 26, 1875. The plaintiff had judgment for three hundred dollars. The bill of exceptions states the testimony as to the plaintiff's occupancy, and the motion for a nonsuit, and then proceeds: "Upon the trial of said cause there was no testimony offered by the plaintiff of any damage having been sustained by the plaintiff except that which might result to the plaintiff by being forcibly ejected from the premises. The court gave plaintiff damages in the sum of one hundred dollars, which was trebled, and this decision of the court is assigned as error." There was no specification that the proof did not justify the damages.

The defendant appealed.

*George W. Tyler*, for the Appellant.

It clearly appears from Jones's evidence that the plaintiff was not the owner of the real estate sued for, nor did he

occupy the same as a tenant.  He merely occupied the land as the agent or servant of another, and therefore cannot maintain the suit for possession in his own name.  (*Minturn* v. *Burr*, 16 Cal. 107; *Morgan* v. *Higgins*, 37 Cal. 59.)  The testimony did not warrant the damages.

*Howe & Rosenbaum*, for the Respondent.

The bill of exceptions does not specify the particulars in which the evidence is alleged to be insufficient, as required by section 648, Code of Civil Procedure.

By the COURT:

The motion for nonsuit was properly denied.  The plaintiff's proof shows that at the time of the forcible entry complained of the plaintiff was in the actual and peaceable possession of the premises in controversy, not merely as the servant of another, but as a tenant at will; and had therefore such a possession as would enable him to maintain the action in his own name.  If the proof did not warrant the amount of damages awarded to the plaintiff, the defendant should either have moved for a new trial on that ground or have specified in his bill of exceptions in what particulars the evidence did not justify the decision in this respect, and have brought up the evidence on this point.  But the defendant has done neither.

Judgment affirmed.