43692.   TRAVELERS INSURANCE COMPANY v. MIXON et al.

Argued June 4, 1968—Decided June 18, 1968.

32

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for appellant.
*J. H. Highsmith, Gordon Knox, Jr.,* for appellees.

HALL, Judge. At the trial there was evidence that the deceased, age 19, had graduated from high school and thereafter was employed for three or four months continuing to live in his father's home in Baxley. Then he found employment in Atlanta where he worked for six months before his death. During this period he shared an apartment in Atlanta with his brother and another friend, paying a part of the rent. He lived in the apartment Monday through Friday while he worked. Almost every weekend he went to Baxley on Friday night and stayed at his father's house, where he maintained a room and left some of his clothes, until Sunday night when he returned to Atlanta. On the weekends his mother did his laundry which he brought from Atlanta, and prepared food for him to take back to Atlanta. There was evidence that he was working for the purpose of saving money to continue his education in college, and also evidence that he owned an automobile which he bought while working on his first job. The collision that resulted in his death and in the negligence action against him happened when he was driving the car of a friend with whom he was returning to Atlanta from a weekend in Baxley.

The question in this case is whether the facts stated above created an issue that the son was a "resident of the same household" as his father within the meaning of the policy provision expressly extending coverage to relatives of the named insured who are residents of the same household in their use of private passenger automobiles not owned by the named insured with the permission of the owner. See Hardware Mut. Cas. Co. v. Home Ind. Co., 241 Cal. App. 2d 303 (50 Cal. Rep. 508).

The insurer argues that "resident" in that provision means a regular resident of the household. This argument overlooks the principle that the burden is on the party preparing a contract of adhesion to make its terms precise and clear and that ambiguous terms in an insurance policy are construed favorably to the insured. *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 293 (127 SE2d 53). It is generally recognized that a person may, and many people do, have more than one residence, and the composer of this policy provision could have defined "resident" as "resident exclusively" or "resident for a greater part of the time." The authorities we have found on the question do not indicate that residing at another place a part of the time negates a relative being a resident of the household of an insured under an extension of coverage provision. American Universal Ins. Co. v. Thompson, 62 Wash. 2d 595 (384 P2d 367); Hardware Mut. Cas. Co. v. Home Ind. Co., supra. Cases involving the determination of a person's residence in other contexts are not controlling, e.g., *Hinton v. Lindsay*, 20 Ga. 746.

The evidence did not demand a finding as a matter of law that the son was not a resident of the same household as his father, the named insured. Accord *Allen v. McDermott*, 110 Ga. App. 536, 538 (139 SE2d 143). The trial court did not err in overruling the insurer's motions for judgment notwithstanding the verdict and for a new trial.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*