## 55046. NATIONAL GENERAL INSURANCE COMPANY v. MEEKS et al.

McMURRAY, Judge.

On July 7, 1976, Donald Ray Meeks, a minor, was injured when he was struck by a truck owned and operated by one David Bunny Spivey. His medical expenses exceed $6,300. Spivey carried a no-fault insurance policy covering the truck, and his insurance company paid medical benefits of $2,500 to Meeks. Meeks, the minor son of Donald Meeks, was residing at the time with his grandfather, Charles H. Meeks, Sr., in Atkinson County, Georgia, although there was some question as to the actual residence of his father at the time of the incident in which he was injured. The grandfather owned certain automobiles and likewise carried no-fault insurance with National General Insurance Company.

A claim was made by the father of the minor against National General Insurance Company. It refused to pay medical expenses. Whereupon, the father, as next friend of Donald Ray Meeks and individually, sued National General Insurance Company seeking judgment for $2,500

jurors in the Criminal Court of Fulton County was changed from five to six. Ga. L. 1976, p. 3019.

for medical expenses under the provisions of his father's (grandfather) no-fault insurance policy and Code Ann. Ch. 56-34B (Ga. L. 1974, pp. 113-123). Also since the defendant had refused to pay any amount of no-fault benefits within 60 days after receipt of reasonable and proper proof of the fact and amount of loss, plaintiffs also sought reasonable attorney fees and a penalty of 25% of the amount due ($625) and $5,000 in punitive damages.

The defendant answered denying the complaint but admitting jurisdiction and the existence of the policy; and affirmatively contending that only $2,500 for medical expenses resulting from the incident was due which was pre-paid by another insurance company and contending further that neither the plaintiff nor the minor are insureds under the grandfather's policy.

After discovery a pre-trial order was issued and certain stipulations were agreed upon as follows: the injury had occurred as claimed; plaintiffs had incurred $6,300 medical expenses; the grandfather's no-fault insurance policy was in full force and effect; the plaintiffs had received $2,500 for medical expenses by the no-fault insurance policy covering the truck which struck Donald Ray Meeks; defendant had paid $1,000 under the medical payments provisions of the subject insurance policy to plaintiffs; and Donald Meeks was the father of the plaintiff, Donald Ray Meeks, and has legal custody of the minor.

The legal issues were narrowed to the question of whether or not defendant is liable to plaintiffs for $2,500 medical expenses under the Georgia no-fault law and under the provisions of the policy of insurance. A factual issue remains as to whether the minor involved in the incident was a resident of the named insured's (grandfather) household at the time of the incident and whether or not the defendant is also liable for punitive damages and attorney fees under the Georgia no-fault law.

A jury trial was waived. The case came on for trial; the stipulations were read into the record as evidence, as well as a copy of the policy of insurance, and it was further agreed that the damages were in excess of $6,300 and that if there was a recovery it could only be for $2,500.

The court then rendered its findings of fact and

conclusions of law. The court found generally in accordance with the stipulations and found that plaintiff, Donald Ray Meeks, was residing with and was a resident of the household of his grandfather, Charles H. Meeks, Sr., at the time of the collision; the policy was in full force and effect which was issued to the grandfather, and Donald Ray Meeks is an "eligible injured person," under the "Basic Personal Injury Protection Endorsement"; defendant did not pay the medical expenses sued for within 30 days after it received reasonable proof of the fact and the amount of loss sustained, and defendant did not pay the medical expenses sued for within 60 days after proper proof of loss was filed and demand made by the plaintiff; defendant has failed to prove that its failure to pay the medical expenses sued for was in good faith and considering the evidence submitted on attorney fees reasonable attorney fees incurred by plaintiffs in this action are $900; a reasonable amount of penalty not exceeding 25% of the medical expenses sued for would be $625; and a reasonable amount of punitive damages in this action would be $625. The conclusions of law were that the plaintiffs were entitled to recover the sum of $2,500 under the policy issued to the grandfather by the defendant and "under Chapter 56-34B of the Georgia Code Annotated"; reasonable attorney fees in the amount of $900; a penalty of $625, and punitive damages in the sum of $625. A separate judgment for these amounts was then entered, and defendant appeals. *Held:*

1. The evidence here was ample to support the findings of the court that Donald Ray Meeks was a resident of the household of his grandfather at the time of the incident and did not demand a finding that he was a member of his father's household in that there was evidence that his father was likewise a member of his father's (the grandfather) household. The evidence shows that the father was recently discharged from military service and separated from his wife who had sent the minor to him to support, and because he was unable to take care of the boy he was sent to live with the grandparents. At the moment of the incident in which the grandson was injured the father was a patient in a VA hospital in Florida. Whether or not one is a resident of the

same household is a question for the finder of fact. *Travelers Ins. Co. v. Mixon,* 118 Ga. App. 31, 33 (162 SE2d 830); *Griffin v. State Farm Mut. Auto. Ins. Co.,* 129 Ga. App. 179, 182 (2) (199 SE2d 101). See also *Teems v. State Farm Mut. Auto. Ins. Co.,* 113 Ga. App. 53 (147 SE2d 20); *State Farm Mut. Auto. Ins. Co. v. Snyder,* 122 Ga. App. 584, 587 (178 SE2d 215). There is no merit in this complaint.

2. Under the terms of the Georgia Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B), the grandson is a relative of the named insured and if a resident of the named insured's household he is included in the term "insured." The minor was also an insured under the policy of the other insurance company as "any pedestrian struck by the insured vehicle." Pedestrian means any person not occupying a motor vehicle or a motorcycle or any other motor driven vehicle. See Code Ann. § 56-3402b (b) (Ga. L. 1974, pp. 113, 114).

3. "The term 'insured' shall also include the named insured, spouse and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is not similarly insured as required by section 56-3403b (b)." See § 56-3402b, supra. But in this instance the minor was struck by a motor vehicle which was similarly insured.

4. The minimum coverage here under the policy and under the law was "all necessary medical expenses not to exceed $2,500 arising from a motor vehicle accident . . ." See Code Ann. § 56-3403b (b) (1) (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204).

In a further provision of the above statute "[t]he total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5,000 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided elsewhere, . . . regardless of the number of insurers providing such benefits or of the number of policies providing such coverage." Consequently, the plaintiffs could receive no more than $5,000 even though medical expenses exceeded $6,300. The statute likewise shows that more than one insurance policy might be involved as well as more than one insurer. Here the judgment of $2,500 in

addition to the $2,500 already received from the other insurance company did not exceed the total sum authorized by this statute. We cannot agree with the contention of the defendant that there was a clear legislative intent to preclude "stacking" of no-fault policies. See in this connection *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, 416 (167 SE2d 174); *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, 713-715 (177 SE2d 257), both of which cases involve the uninsured motorist statute.

5. It was here stipulated there was an excess of $6,300 medical expenses incurred by the plaintiffs. There was evidence also that plaintiffs had received a total of $2,500 for medical expense; thus, the additional $2,500 recovery did not result in a duplication of benefits for the same element of loss, that is, plaintiffs would not be paid twice for the same bills. However, if there were a non-duplication of benefits clause in the policy it would be in conflict with the provisions of the no-fault insurance statutes shown above which require that each policy pay $2,500 up to a total of $5,000 for all policies. Any clauses in the policy providing for a lesser coverage would be void. See Code Ann. § 56-3405b (a), (b) (Ga. L. 1974, pp. 113, 118; 1976, pp. 1078, 1079; 1976, p. 1513; 1976, p. 1523); *Travelers Indem. Co. v. Williams,* 119 Ga. App. 414, supra; *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710, supra. The non-duplication of benefits clause simply does not apply here.

6. The final issue raised in the appeal is whether or not the trial court erred in assessing punitive damages, penalty and attorney fees against the defendant. The evidence was ample to support the findings of the trial court with regard thereto. Defendant (insurer) had made every effort not to pay insurance and there was no reasonable ground for the insurer to contest the claim. See Code Ann. § 56-3406b (Ga. L. 1974, pp. 113, 119; 1975, pp. 1202, 1208). The cases of *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (3), 362-363 (177 SE2d 105); *State Farm Mut. Auto. Ins. Co. v. Bass,* 231 Ga. 269 (201 SE2d 444); *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 663 (231 SE2d 556); *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (8) 316 (127 SE2d 454), do not here apply to the facts of this

case. To avoid the odor of bad faith defendant should have by declaratory judgment sought a determination of whether or not it was liable for the additional sum of $2,500 after paying out $1,000 under the policy, clearly admitting that it was well aware of our no-fault insurance statute in this instance. See in this connection *Associated Distributors, Inc. v. McBee,* 140 Ga. App. 433, 434 (231 SE2d 449). Defendant failed to show its good faith in this instance.

*Judgment affirmed. Webb, J., concurs. Quillian, P. J., concurs in the judgment only.*

SUBMITTED JANUARY 11, 1978 — DECIDED MAY 3, 1978.

*Memory & Thomas, Terry A. Dillard,* for appellant.
*Jack J. Helms, Berrien L. Sutton,* for appellees.

QUILLIAN, Presiding Judge, concurring in the judgment only.

In my view, the legislature limited recovery for one person for one accident under basic personal injury protection to $5,000. Insofar as the opinion permits recovery solely within that limit, I concur in the judgment only.