### 55329. GEORGIA CASUALTY & SURETY COMPANY v. WATERS et al.

QUILLIAN, Presiding Judge.

The instant appeal arises out of a suit on an automobile insurance policy. The plaintiffs sought to recover from the defendant insurer under the personal injury protection provisions of the policy, commonly known as "no fault."

The parties submitted the case to the trial judge on an agreed stipulation of facts as is here set forth.

On December 15, 1976, plaintiff's husband, Billy Alton Waters, was involved in an automobile accident on Memorial Drive in Atlanta, Georgia. This accident occurred when the plaintiff's husband, while in the course of his employment as a truck driver with Ross Neely Express Company, stopped the tractor-trailer truck he was operating and which was owned by Ross Neely Express Company in the westbound lane of Memorial Drive. As the plaintiff's husband was in the process of leaving the truck and was stepping off the truck cab, he was struck by an automobile driven by Jeffrey Morris.

Motor vehicle liability coverage, including $5,000 basic personal injury protection coverage, was in force on both the Ross Neely tractor-trailer truck and the automobile driven by Mr. Morris. State Farm Fire & Casualty Company was the carrier for the Morris vehicle, and Associated Indemnity Corporation (Fireman's Fund) was the carrier for the Ross Neely vehicle. Also in force and effect on the date of this accident was a policy of insurance issued by the defendant to Billy Alton Waters, being policy No. 436933.

Billy Alton Waters died on December 15, 1976, as a result of injuries sustained in this collision. At all times relevant hereto, the plaintiff herein, Patsy M. Waters, was the widow of Billy Alton Waters, and Mark Waters

and Kevin Waters were his minor children.

As a result of the injuries and death sustained by plaintiff's husband, plaintiff has settled the wrongful death and bodily injury claims for the liability policy limits with the liability carrier of Jeffrey Morris.

In addition, State Farm Fire & Casualty Company and Associated Indemnity Corporation (Fireman's Fund) have paid plaintiff the sum of $5,000 as personal injury protection death benefits under Code Ann. § 56-3401b et seq. (Ga. L. 1974, pp. 113, 114). This sum was paid to plaintiff jointly by State Farm and Fireman's Fund, with each contributing $2,500. State Farm and Fireman's Fund paid this amount jointly because of uncertainty as to whether Mr. Waters was a pedestrian or an occupant of the Ross Neely truck at the time of his death, and there was therefore a question as to which of these two carriers was liable. The personal injury protection limits of liability under both the State Farm and Fireman's Fund policies was $5,000.

Although not stipulated, the record reveals that the insurance contract between the deceased and the defendant insurer also provided $5,000 personal injury protection (basic PIP).

The plaintiffs contended that they were entitled to recover under the policy with defendant an additional sum of $5,000, the amount of "no fault" coverage provided by defendant insurer to its insured, the deceased. Defendant contended that the deceased was not an insured within the statutory and policy definitions and was excluded from "no fault" benefits under the policy. It was also urged that the plaintiffs could not recover any additional benefits since two other insurance companies had paid a total of $5,000 under their "no fault" coverage.

The trial judge found that plaintiffs were insureds under the instant policy and such policy did not prevent "stacking" of benefits where there was no duplication of same. *Held:*

The issue, as stated by counsel for defendant, is whether "an individual who has collected $5,000 in basic personal injury protection benefits from one carrier can then 'stack' no-fault coverage and recover from another carrier where all policies involved provide only basic

statutory limits of liability."

We find that there is no basis for stacking under the statute (Georgia Motor Vehicle Accident Reparations Act (Code Ann. § 56-3401b; Ga. L. 1974, p. 113 et seq.)) or the policy herein involved.

The following applicable portions of the statute and of the policy are here set forth, numbered for ease of reference in the opinion.

[I] Under the heading "Exclusions" the policy provides: "This coverage does not apply: (c) to bodily injury sustained by any person while occupying, or while a pedestrian as a result of being struck by any motor vehicle, other than the insured motor vehicle, with respect to which the security required under the Georgia Motor Vehicle Accident Reparations Acts is in effect."

[II] Code Ann. § 56-3402b (b) (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203) states: "The term 'insured' shall also include the named insured, spouse and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle *when such motor vehicle is not similarly insured as required by Section* 56-3403b (b)." (Emphasis supplied.)

[III] The insurance policy also contains the standard clause defining an "eligible insured person" as (1) "the named insured or any relative who sustains bodily injury while occupying, or while a pedestrian as a result of being struck by, any motor vehicle," and as (2) "any other person who sustains bodily injury while occupying, or while a pedestrian as a result of being struck by, the insured motor vehicle."

A provision similar to [III] (2) in the State Farm and Fireman's Fund policies was undoubtedly the basis of these two carriers having paid plaintiff the sum of $5,000 under their policies.

[IV] The policy further provides: "Non-duplication of Benefits: Priority of Payments: Other Insurance. No eligible injured person shall recover duplicate benefits for the same elements of loss under this policy or any other policy of motor vehicle liability insurance or approved plan of self-insurance. In the event an eligible injured person has such duplicate coverage available and applicable to the accident, the maximum amount of

recovery shall not exceed that amount which would have been payable under the provisions of this insurance policy or such other policy of motor vehicle liability insurance or approved plan of self-insurance providing the highest dollar amount and the Company shall not be liable for a greater portion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this coverage and such other duplicate coverage."

[V] The statute reads: "The total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5,000 per each individual covered as an insured person or such greater amount of coverage as had been purchased on an optional basis as provided elsewhere in this Chapter, regardless of the number of insurers providing such benefits or of the number of policies providing such coverage." Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204).

[VI] Under Code Ann. § 56-3404b (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206) each insurer shall make available, on an optional basis, coverage in an aggregate limit of benefits payable without regard to fault up to $50,000 per person. When any amount of this additional personal injury protection (additional PIP) is obtained by the insured then the total benefits which are required to be paid increase to the specified amount. However, in the absence of additional PIP the statutory prohibition is plain and unambiguous — the total benefits shall not exceed the sum of $5,000 per each individual covered regardless of the number of insurers providing benefits or the number of policies providing coverage.

In furtherance of the aim to limit basic PIP recovery to an express amount, under the statute and under the policy provisions, which are standardized and promulgated by the Insurance Commissioner (see Code Ann. § 56-3413b; Ga. L. 1974, pp. 113, 123), we have an automobile related plan by which insurance "follows the car." That is, assuming one is occupying another vehicle or while a pedestrian is struck by another vehicle then the key question is whether that other vehicle has "no fault" coverage. If so, insofar as the basic PIP is concerned, one

must look to the insurer of the other vehicle and not to one's own insurance company. See [III](2). For, where another insured vehicle is involved, then there is no basic PIP coverage under one's own policy. See [I] and [II]. However, where an uninsured vehicle is involved then an injured person is protected under the terms of his own policy. See [III] (1).

In uninsured motorist cases, construing the statute, we found the attempt in an insurance policy to prevent stacking was prohibited. *Travelers Indem. v. Williams,* 119 Ga. App. 414 (167 SE2d 174); *State Farm Mut. Auto. Ins. Co. v. Murphy,* 226 Ga. 710 (177 SE2d 257). Here we have a different statutory scheme. Code Ann. § 54-3403b indicates a legislative intent to prevent "stacking" of basic PIP coverages above the limit of $5,000. What is evinced is a clear command that a maximum of $5,000 be paid. In order to obtain greater benefits the insured must obtain additional PIP. Where he does so, his policy will then cover up to those limits even where the primary policy is limited. See [VI].

Let us consider various possibilities, assuming the person, A, was injured while a pedestrian.

Situation 1. A, covered by basic PIP under his policy, is struck by B, an uninsured vehicle. A's insurance applies.

Situation 2. A, covered by basic PIP, is struck by B, a vehicle with basic PIP coverage. B's insurance applies. A is excluded from coverage under his policy.

Situation 3. A, covered by basic PIP, is struck by B, a vehicle covered by basic PIP and $20,000 additional PIP. A is covered by B's insurance up to the limit thereof.

Situation 4. A, covered by basic PIP and $45,000 additional PIP, is struck by B, covered by basic PIP only. A is covered by B's insurance up to $5,000. Over $5,000, A is covered by his additional PIP up to the limit of the policy.

Situation 5. A, covered by basic PIP and $45,000 additional PIP, is struck by B with basic PIP plus $20,000 additional PIP. A is covered by B's basic PIP and B's additional PIP up to the limit of that policy. As to amounts in excess of that sum, A's additional PIP then covers up to the limit of A's policy (in this example, the last $25,000 up

to an aggregate of $50,000).

In conclusion, we find a legislative intent to prohibit "stacking" of basic PIP. From an examination of the statute and the policy provisions, we further find that under the circumstances here the deceased was not an insured under his basic PIP coverage. Instead he was covered under the other policies "while occupying, or while a pedestrian as a result of being struck by, [that] insured motor vehicle." If the plaintiff's deceased had opted for additional PIP, recovery could have been had up to the limits of such additional PIP. However, since only basic PIP was carried, under the statutory mandate and the policy provisions, only one $5,000 recovery is permitted.

The lower court erred in permitting the plaintiffs to recover under the policy with the defendant.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED MAY 4, 1978 —
REHEARING DENIED JUNE 9, 1978 — 

*Van Gerpen & Bovis, John V. Burch, John G. Haubenreich,* for appellant.
*William L. Skinner,* for appellees.

ON MOTION FOR REHEARING.

Movant erroneously contends that the instant holding is in conflict with *National General Ins. Co. v. Meeks,* 145 Ga. App. 830 (1978). In this case, construing the statute, we held that recovery under basic personal injury protection is limited to $5,000 per person and that, absent election of optional coverage, "stacking" is not permitted above that limit. In *Meeks,* supra, we permitted limited "stacking" up to the $5,000 maximum, where such limit had not been reached under one policy.

*Motion for rehearing denied.*