### 58937. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MUSGROVE et al.

QUILLIAN, Presiding Judge.

On May 28, 1976, Kenneth Musgrove, son of Willis Musgrove, was seriously injured in a collision between a farm tractor, which he was driving, and a 1967 truck owned and operated by Hayes. Due to the injuries sustained by Kenneth Musgrove, plaintiff Willis Musgrove, his father, incurred at least $23,000 in medical bills. At the time of the accident, Willis Musgrove had three insurance policies with the defendant, each providing for $5,000 basic no-fault benefits and $5,000 optional no-fault benefits. Each policy further provided for medical payments of $1,000. Defendant also insured the truck that struck Kenneth Musgrove, with $5,000 basic no-fault benefits.

Defendant paid to plaintiff $3,000 under the medical payments coverage, and, additionally, $2,500 basic no-fault benefits under the Hayes policy, $2,500 basic under one of the Musgrove policies, and $5,000 optional no-fault benefits under the same Musgrove policy.

Plaintiff sued defendant for additional no-fault benefits of $11,978.46, alleging that defendant had only paid plaintiff the sum of $7,000 under no-fault. Subsequently, plaintiff amended his complaint, admitting he had in fact been paid $10,000 in no-fault benefits by the defendant and sought to recover $10,000 (the optional coverage) on the two remaining policies. The case proceeded to trial by the court without a jury on stipulated facts and exhibits. The trial court made its findings of fact and conclusions of law and entered judgment in favor of the plaintiff in the amount of $10,000, plus $1,750 attorney fees, $2,500 penalty, and $5,000 punitive damages. Defendant appeals. *Held:*

The additional personal injury protection (PIP) of no

fault coverage is designed to provide coverage in excess of basic PIP and, in this type situation, in excess of the amount of no fault provided by another vehicle. See *Ga. Cas. &c. Co. v. Waters*, 146 Ga. App. 149 (246 SE2d 202).

The additional PIP endorsement to the policy in this case provided: "this coverage does not apply . . . to bodily injury sustained by the *named insured* or any *relative* while *occupying*, or while a *pedestrian* as a result of being struck by, a *motor vehicle* other than the *insured motor vehicle*, to the extent that such *named insured* or *relative* is entitled to receive additional personal injury protection coverage under the policy covering such *motor vehicle*." This means if the other motor vehicle carries additional PIP in a sum equal to or in excess of that carried on the insured motor vehicle then the insured obtains recovery only from the coverage of the other insured vehicle. If the additional PIP on the other insured vehicle is less than on the insured vehicle then the insured's additional PIP provides coverage up to the limits of the policy. See *Ga. Cas. &c. Co. v. Waters*, 146 Ga. App. 149, 153, supra, "Situation 5."

Here the other insured vehicle which injured the plaintiff paid only $2,500 under basic PIP. Thus the plaintiff was entitled to recover the full amount of his additional PIP. Moreover, the prohibition in the policy as described is only against stacking between the insurance of the other vehicle and the insurance of insured's vehicle. There is nothing under that provision to prevent the insured from stacking additional PIP coverage on several policies, each on his vehicle. However, the policy contains another provision which reads: "Regardless of the number of persons insured, policies or bonds applicable, claims made or *insured motor vehicles* to which this coverage applies, the Company's liability for additional personal injury protection benefits with respect to *bodily injury* sustained by any one *eligible injured person* in any one *motor vehicle* accident shall not exceed in the aggregate the amount set forth in the Declaration." The parties stipulated that each policy provided for $5,000 additional PIP.

Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204) states: "the total benefits required to be

paid under this section without regard to fault as the result of any one accident *shall not exceed* the sum of $5,000 per each individual covered as an insured person or *such greater amount of coverage as has been purchased on an optional basis* as provided elsewhere in this Chapter, *regardless of the number of insurers providing such benefits or of the number of policies providing such coverage.*" (Emphasis supplied.) We can only construe this language as permitting the provision which we have just quoted. The effect is to limit recovery to the highest amount of additional PIP purchased on any one policy. For example, if the insured had 2 policies, one with $10,000 additional PIP, and one with $20,000 additional PIP he could recover up to $20,000 under the optional coverage but *not* $30,000.

"An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others." *Standard Guaranty Ins. Co. v. Davis*, 145 Ga. App. 147, 152 (243 SE2d 531). Here each of the 3 policies had $5,000 additional PIP. Thus, under the provisions of those policies the plaintiff could only recover up to $5,000 additional PIP. That limit having been reached, no further recovery would be permitted.

It was error to enter judgment for the plaintiff for $10,000 as well as imposing bad faith penalty and attorney fees.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 30, 1980 — REHEARING DENIED MARCH 3, 1980 —

*F. Thomas Young, William A. Turner, Jr.,* for appellant.
*Berrien L. Sutton,* for appellees.