### 61776. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. v. KELCH.

BANKE, Judge.

The appellee incurred $7,442.44 in hospital and medical expenses as the result of a collision involving a bus in which she was riding. The bus was covered by a liability insurance policy which provided the basic personal injury protection (PIP) benefits required by state law. See Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204). She has been paid the full $2,500 in medical expense benefits provided by that coverage.

The appellee is also insured under a policy of automobile liability insurance issued by the appellant. This policy also includes the minimum required PIP coverage, and under it the appellee claimed an additional $2,500 in medical expenses. The appellant refused to pay, contending that PIP coverage could not be "stacked" in this manner, whereupon the appellee filed this suit. The case was submitted to the trial court upon a stipulation of facts, and the appellee was awarded $2,500 in actual damages, a $625 bad-faith penalty, $1,000 in attorney fees, and $1,500 in punitive damages. This appeal followed. *Held:*

1. It is certainly true, as the appellant argues, that an individual may recover no more than $5,000 in basic PIP benefits for any one accident, "regardless of the number of insurers providing such benefits or of the number of policies providing such coverage." Code Ann. § 56-3403b (b) (4). See *Georgia Cas. &c. Co. v. Waters,* 146 Ga. App. 149 (246 SE2d 202) (1978). However, as this court held in *National General Ins. Co. v. Meeks,* 145 Ga. App. 830 (244 SE2d 920) (1978), this statute does not preclude an insured from recovering under a second policy where the primary coverage has been exhausted, so long as the total recovery does not exceed $5,000 and there is no duplication of benefits. *Baron v. State Farm Mut. Auto. Ins. Co.,* 157 Ga. App. 16 (2) (276 SE2d 78) (1981). Indeed, "[a]ny clauses in the policy providing for a lesser coverage would be void." *Meeks,* supra, at 834. Accord *State Farm Mut. Auto. Ins. Co. v. Landskroener,* 150 Ga. App. 308 (1) (257 SE2d 376) (1979). It follows

that the trial court was correct in awarding the appellee an additional $2,500 in medical benefits under her policy with the appellant.

2. The award of the bad-faith penalty, attorney fees, and punitive damages was authorized pursuant to Code Ann. § 56-3406b. The defense advanced by the appellant was unambiguously rejected in *Meeks,* and, indeed, the insurer in that case was also assessed a bad-faith penalty, attorney fees, and punitive damages for basing his refusal to pay upon it.

3. The motion for assessment of 10 percent additional damages against the appellant pursuant to Code Ann. § 6-1801, for filing a frivolous appeal, is granted. The appellant has not attempted either to challenge or to distinguish *Meeks* and in fact has not even cited it. The sole authority upon which the appellant relies, *Georgia Cas. &c. Co. v. Waters,* supra, cannot reasonably be construed as being in conflict with *Meeks,* since the court in that case specifically distinguished its holding from the holding in *Meeks.* "There was no valid reason to anticipate reversal of the judgment below, and for this reason we must conclude that the appeal was brought for delay only." *Hatchett v. Hatchett,* 240 Ga. 103 (239 SE2d 512) (1977).

*Affirmed with direction that the amount of the judgment be increased by 10 percent in accordance with this opinion. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 29, 1981 —
REHEARING DENIED MAY 18, 1981.

*William C. Reed,* for appellant.
*Roger W. Dunaway, Jr.,* for appellee.