## 61748. WILSON v. AUTO-OWNERS INSURANCE COMPANY.

BIRDSONG, Judge.

No Fault Insurance. Mrs. Donnie Lee Wilson, as owner of an automobile, had basic Personal Injury Protection (PIP) of $5,000 by virtue of an auto policy issued by Auto-Owners Ins. Co. Mrs. Lee's husband Robert, while driving a truck owned by one Walter Brown, was killed in a one-car accident. There was a dispute as to whether Robert Wilson was driving Brown's truck (Robert's employer) with or without Brown's permission. Brown had no fault coverage with Georgia Farm Bureau in the amount of $5,000 plus $5,000 optional coverage. Mrs. Wilson brought suit against Georgia Farm Bureau claiming the $10,000 coverage for no fault plus bad faith damages based upon Georgia Farm Bureau's failure to pay her claim within the requisite time of the filing of the claim. After suit was filed, Georgia Farm Bureau and Mrs. Wilson settled and compromised her claim. In the settlement agreement, the parties agreed that there was "a question as to whether or not he [Robert] did have the expressed or implied permission of Walter J. Brown to use or occupy the insured vehicle. . . ." In spite of that dispute, the parties agreed to settle and compromise all claims of Mrs. Wilson under the no fault policy for the sum of $5,000.

After she had obtained a settlement from Georgia Farm Bureau, Mrs. Wilson filed a claim against her own insurer, Auto-Owners Ins. Co. for the basic no fault coverage of $5,000 asserting properly that her husband was a member of her household and as such was an "insured" under her policy. Auto-Owners denied liability only because Mrs. Wilson had already obtained a $5,000 settlement from Georgia Farm Bureau and a second payment would constitute "stacking" of no fault benefits. Mrs. Wilson sought to circumvent the

"stacking" limitation by arguing before the trial court and this court that in her compromise with Georgia Farm Bureau and in a stipulation before the trial court in the present case, it was agreed that Robert was driving Brown's car without his express or implied permission and therefore under Georgia Farm Bureau's policy, Robert was not an "insured" entitled to recover no fault coverage. Her argument is that because her earlier recovery was not a payment of no fault coverage, there is no stacking and therefore Auto-Owners has shown bad faith in denying coverage and failing to pay the basic $5,000 provided in her policy. The parties basically stipulated the foregoing facts and submitted the issue to a trial judge in a trial without a jury. The trial court returned a verdict for Auto-Owners concluding that the second demand by Mrs. Wilson constituted prohibited "stacking." Mrs. Wilson brings this appeal enumerating as error the court's conclusion that she received no fault benefits from Georgia Farm Bureau; that her claim against Auto-Owners constituted stacking and denying her bad faith damages. *Held:*

There can be no question that if the trial court's conclusion that Mrs. Wilson had already collected no fault damages in the basic amount of $5,000 is correct, she is precluded from successfully proceeding with her claim against Auto-Owners. *Baron v. State Farm &c. Ins. Co.,* 157 Ga. App. 16, 20 (276 SE2d 78); *Georgia Cas. &c. Co. v. Waters,* 146 Ga. App. 149 (246 SE2d 202). Code Ann. § 56-3403b, except in circumstances not here applicable, indicates a legislative intent to prevent "stacking" of basic PIP coverages above the limit of $5,000 and evinces a clear direction that no more than a maximum of $5,000 be paid.

In this case, contrary to Mrs. Wilson's contention, the settlement agreement between her and Georgia Farm Bureau does not indicate that Georgia Farm Bureau continued therein to deny coverage. It merely reflects that there existed a bona fide dispute pending a rendering of an answer by a jury. If Georgia Farm Bureau lost that determination, it stood to lose not only the $5,000 basic PIP under its policy with Brown, but also the optional $5,000 PIP coverage, as well as additional damages based upon bad faith. The clear intent of the settlement agreement was that Georgia Farm Bureau, while acknowledging the dispute, agreed to pay the basic $5,000 PIP provided under the policy in full settlement of Mrs. Wilson's claim. To construe the settlement agreement otherwise would render the words of the settlement ". . . settle all claims of the undersigned [Mrs. Wilson] under said policy . . ." utterly meaningless and mean that Georgia Farm Bureau had paid Mrs. Wilson a mere gratuity, for they had no obligation to her except under the terms of Brown's policy. We agree with the trial court that to afford Mrs.

Wilson's meaning to the settlement agreement would do violence to its terms and improperly create a new contract between the parties. See *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691); *Stuckey v. Kahn,* 140 Ga. App. 602, 606 (231 SE2d 565).

The mere fact that in the present suit the parties (Wilson and Auto-Owners) stipulated that Robert Wilson was driving Brown's car without permission would have no effect upon the previously executed settlement agreement wherein Mrs. Wilson was paid the basic $5,000 PIP by Georgia Farm Bureau. The fact still remains that she sought and recovered $5,000 PIP no fault coverage and now seeks to recover an additional $5,000 PIP basic no fault coverage for the same accident and upon the same facts. Such a second recovery amounts to "stacking" and amounts to an impermissible claim. *National Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830 (244 SE2d 920). Under the facts before the trial court, there was no error in granting judgment for Auto-Owners Ins. Co. against Mrs. Wilson. There being no basic right of recovery, it follows there was no error in denying bad faith damages.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 30, 1981 —
REHEARING DENIED JULY 16, 1981

*Berrien L. Sutton,* for appellant.
*F. Thomas Young,* for appellee.