## 62161. HELMLY v. GULF INSURANCE COMPANY.

BANKE, Judge.

The appellant was injured in an automobile accident, from which he allegedly incurred over $13,000 in medical expenses. He was insured by the appellee under a policy covering both his vehicle and his wife's vehicle. The policy provided $5,000 in "no-fault" personal injury coverage for each accident, including a maximum of $2,500 in medical benefits. This is the minimum required by statute. See Code Ann. § 56-3403b (b). The issue in this case is whether, because he is a named insured as to each of the two vehicles, he has double medical coverage which he may "stack" so as to recover $5,000 in medical benefits rather than the minimum $2,500 which the appellee has already paid. This appeal is from a grant of summary judgment to the appellee in a suit by the appellant to recover the additional $2,500 in benefits, as well as a bad-faith penalty, attorney fees, and punitive damages. *Held:*

The appellee concedes, as it must, that, pursuant to Code § 56-3404b (b), supra, if the appellant had purchased a separate policy for each automobile, he would have been entitled to "stack" the medical coverage, so long as there was no duplication of benefits and the total recovery did not exceed $5,000. See *National Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830 (244 SE2d 920) (1978); *Baron v. State Farm Mut. Auto. Ins. Co.,* 157 Ga. App. 16 (2) (276 SE2d 78) (1981); *Gen. Accident &c. Corp. v. Kelch,* 158 Ga. App. 555 (—— SE2d ——) (1981). Accord, *Ga. Cas & Sur. Co. v. Waters,* 146 Ga. App. 149 (246 SE2d 202) (1978). Because the appellant purchased only one policy, however, and because he received approximately a 15-percent discount ($7.00) for doing so, the company contends that this rule does not apply.

We cannot agree. The controlling fact is that the appellant has paid two premiums and has twice purchased the basic no-fault coverage. There is nothing in the policy or elsewhere in the record on appeal to indicate that the seven-dollar discount was related to a reduction in coverage rather than to administrative or acturial economies attributable to insuring the two vehicles together. Thus, assuming that the appellant's medical expenses are as alleged and that he is not claiming any other no-fault benefits, he would be entitled to recover $5,000 in medical expenses, and any policy provision purporting to prevent him from doing so would be void as contrary to the statutory scheme. See generally *Meeks,* supra, at 834. The grant of summary judgment is accordingly reversed as it pertains to the appellant's right to recover the additional $2,500 in medical benefits under the policy. However, because it appears that the company had a reasonable ground for contesting the claim, the award

of summary judgment is affirmed insofar as it denies appellant's claim for a bad-faith penalty, attorney fees, and punitive damages. See generally Code Ann. § 56-3406b (b).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 16, 1981.

*Hinton R. Pierce,* for appellant.
*Ronald C. Griffeth,* for appellee.