67829. RYALS et al. v. SOUTHEASTERN FIDELITY INSURANCE COMPANY.

BANKE, Presiding Judge.

The appellee, Southeastern Fidelity Insurance Company, brought

this action for declaratory judgment against the appellants, Stephen and Mari-Lucinda Ryals, seeking to determine its liability to them under the personal injury protection (PIP) provisions of two automobile insurance policies. Mrs. Ryals was injured while a passenger in a vehicle owned and operated by Henry Brice III. The Brice vehicle was covered by a policy of insurance issued by the appellee. Mrs. Ryals was also insured by the appellee under the terms of a separate policy issued to her husband, Stephen. Both policies provided basic PIP coverage in the minimum amount of $5,000, which was inadequate to cover the amount of lost earnings and medical expenses suffered by Mrs. Ryals. The appellee paid Mrs. Ryals the $5,000 in basic PIP coverage provided by the Brice policy, and the appellants then sought to elect an additional $45,000 in "optional" PIP coverage under each policy. See generally *GEICO v. Mooney*, 250 Ga. 760 (300 SE2d 799) (1983), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). Toward this end, their attorney forwarded separate checks to the appellee to cover the additional premiums for the optional coverage on each policy.

The appellee concedes in its complaint that the application for each policy contained only one signature, contrary to the provisions of OCGA § 33-34-5 (b), as that statute existed prior to its amendment in 1982. Conceding that appellants were thus entitled to $45,000 in additional coverage under one of the two policies, the appellee tendered that amount into the registry of the court, and these funds have now been paid to the appellants and their attorney by order of the court. However, appellants contend that they are entitled to $45,000 in optional coverage under both policies.

The trial court granted appellee's motion for summary judgment, declaring that the $45,000 paid to the appellants "represents all optional no-fault benefits to which the defendants are entitled under the policies issued . . ., the [appellee] having previously paid to the [appellants] $5,000 basic personal injury protection benefits under the Brice policy." The court denied a motion by the appellant to strike an affidavit submitted by appellee's senior vice-president in support of the motion for summary judgment. Both the grant of summary judgment and the denial of the motion to strike are enumerated as error on appeal. *Held*:

Pretermitting whether the motion to strike should have been granted, we agree that the appellee was entitled to summary judgment. In the recent case of *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708 (309 SE2d 870) (1983), we held "that a demand for increased coverage *by the policyholder* is necessary before those who would be incidental or third-party beneficiaries as 'other insureds' can seek optional benefits." (Emphasis supplied.) The appellee asserted in its complaint that Brice did not request "that his policy be amended or

endorsed to add optional no-fault benefits, nor has he tendered premiums to the [appellee] in payment of such benefits." In response to this allegation, the appellants stated in their answer that the additional premium was tendered by Mrs. Ryals, and it appears without dispute from the record that the appellants' attorney sent in the optional premiums on both policies. There is no suggestion in the record, nor do appellants argue, that their attorney also represents Brice. It follows that the appellant was not entitled to optional benefits under the Brice policy. We reject the appellants' argument that, having accepted payment of the additional premium from their attorney, the appellee is now estopped to deny coverage under the Brice policy, for there is absolutely no indication in the record that the appellants acted to their detriment in reliance upon such conduct by the appellee. See generally OCGA § 24-4-24. Compare *Ga. Cas. & Surety Co. v. Rainwater*, 132 Ga. App. 170 (207 SE2d 610) (1974).

*Judgment affirmed. Birdsong, J., concurs. Pope, J., concurs specially.*

Decided February 9, 1984 —
Rehearing denied June 29, 1984 —

*Jack J. Helms, Willis H. Blacknall III*, for appellants.
*F. Thomas Young, William A. Turner*, for appellee.

Pope, Judge, concurring specially.
While I concur in the judgment affirming the grant of summary judgment to appellee, I arrive at the result by different means. Even if appellants had affirmatively shown from the record that the policyholder, Brice, had tendered the premium in a manner sufficient to activate the optional benefits coverage of $45,000, I believe that appellants are precluded from recovery in excess of the maximum coverage, $5,000 basic PIP and $45,000 optional coverage. See OCGA § 33-34-5 (a).

My opinion is based upon both statute and case law. OCGA § 33-34-4 (c) provides: "The total benefits required to be paid under this Code section without regard to fault as the result of any one accident shall not exceed the sum of $5,000.00 per each individual covered as an insured person *or such greater amount of coverage as has been purchased on an optional basis as provided in Code Section 33-34-5*, regardless of the number of insurers providing such benefits or of the number of policies providing such coverage." (Emphasis supplied.)

Moreover, although dictum in that case, I find the factual posture of this case to be analogous to the illustration presented in Situation 5 of *Ga. Cas &c. Co. v. Waters*, 146 Ga. App. 149 (246 SE2d 202) (1978). "A, covered by basic PIP and $45,000 additional PIP, is struck

by B with basic PIP plus $20,000 additional PIP. A is covered by B's basic PIP and B's additional PIP up to the limit of that policy. As to amounts in excess of that sum, A's additional PIP then covers up to the limit of A's policy (in this example, the last $25,000 up to an aggregate of $50,000)." Id. at 153. Under this rationale, appellants are clearly limited to the amounts already received, as such are the maximum benefits available. See also *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690 (266 SE2d 228) (1980).