68461. VOYAGER CASUALTY INSURANCE COMPANY
v. KING et al.
(323 SE2d 4)

SOGNIER, Judge.

Marcia King and Cami King through her next friends, Marcia King and Martin King, sued Voyager Casualty Insurance Company (Voyager) to recover under the personal injury protection (PIP) provisions of an insurance policy issued to Marcia King. Cami King was a passenger in a car owned and driven by Glen Corum which was involved in a one-car collision. Her injuries resulted in medical expenses alleged to exceed $200,000. Atlanta Casualty Company, Corum's insurer, paid Cami King a total of $47,500 in PIP benefits, this figure presumably representing $2,500 basic benefits for medical expenses, and $45,000 optional benefits, although no evidence appears in the record to this effect. The Kings brought the instant action against Voyager to recover $50,000 under Marcia King's policy, basing their claim upon the holdings of *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983) and *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980). Voyager moved for summary judgment. The trial court denied Voyager's motion, finding that issues of fact remained and ruling that under Georgia law, "stacking" of optional PIP benefits is permitted absent a limitation in the policy of insurance. We granted Voyager's application for an interlocutory appeal.

Appellant contends that the trial court erred in denying its motion for summary judgment on the issue of optional benefits and in holding that "stacking" of optional PIP benefits under the Georgia Motor Vehicle Reparations Act is allowed against the secondary insurance carrier when the insured has already recovered the maximum optional PIP benefits from the primary carrier.

The Voyager policy issued to Marcia King provided for $5,000 basic PIP coverage. For purposes of argument, we will assume, without deciding, that Voyager failed to comply with requirements of OCGA § 33-34-5 respecting the offering of optional PIP benefits, and that as a result, the policy provided a total of $50,000 PIP coverage from its inception. See *Flewellen,* supra at 712. Thus, we reach the

issue whether appellees may "stack" basic and optional PIP benefits under the Voyager policy above the $47,500 already recovered from the primary carrier, Atlanta Casualty.

It is well established that OCGA § 33-34-4 (c) does not preclude an insured from "stacking" policies in order to recover *basic* PIP benefits under a second policy after the primary coverage has been exhausted, *but only "so long as* the total recovery does not exceed $5,000 and there is no duplication of benefits." (Emphasis supplied.) *Gen. Accident Fire &c. Corp. v. Kelch,* 158 Ga. App. 555 (1) (281 SE2d 258) (1981). See *Helmly v. Gulf Ins. Co.,* 159 Ga. App. 339 (283 SE2d 370) (1981); *Baron v. State Farm &c. Ins. Co.,* 157 Ga. App. 16, 20 (2)-21 (276 SE2d 78) (1981); *Nat. Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830, 833 (4)-834 (244 SE2d 920) (1978). Accord *Ga. Cas. &c. Co. v. Waters,* 146 Ga. App. 149, 153 (246 SE2d 202) (1978). Therefore, assuming in the absence of evidence to this effect, that the amount of appellees' recovery of basic PIP benefits from Atlanta Casualty was $2,500, and assuming further that all other issues of coverage under the Voyager policy are resolved in favor of appellees, then appellees may recover $2,500 basic PIP benefits from Voyager, bringing the total recovery to the limit of $5,000. *Meeks,* supra.

With respect to optional benefits, however, appellees urge that the statute permits the stacking of policies with no limit upon the total recovery of the insured, save the limits of each policy involved. We do not agree. OCGA § 33-34-4 (c) provides: "The total benefits required to be paid under this Code section without regard to fault as the result of any one accident *shall not exceed* the sum of $5,000 per each individual covered as an insured person *or such greater amount of coverage as has been purchased on an optional basis as provided in Code Section 33-34-5, regardless of the number of insurers providing such benefits or of the number of policies providing such coverage.*" (Emphasis supplied.) Just as OCGA § 33-34-4 (c) indicates a clear legislative intent to prevent "stacking" of *basic* PIP coverages above the limit of $5,000, *Wilson v. Auto-Owners Ins. Co.,* 159 Ga. App. 315, 316 (283 SE2d 308) (1981); *Baron,* supra; *Waters,* supra at 153, we hold here that it also indicates an intent to prevent stacking of *optional* PIP coverages above the highest amount of optional coverage purchased on any one policy. *Ga. Farm &c. Ins. Co. v. Musgrove,* 153 Ga. App. 690, 692 (266 SE2d 228) (1980). See also *Waters,* supra at 154. Thus, "[f]or example, if the insured had two policies, one with $10,000 additional PIP, and one with $20,000 additional PIP he could recover up to $20,000 under the optional coverage but *not* $30,000." *Musgrove,* supra at 692. Further, we adopt the rationale of "Situation 5" set forth in *Waters,* supra at 153-154, which although dictum, is an accurate illustration of the law as applied to the facts of the instant case: "A, covered by basic PIP and $45,000 additional

PIP, is struck by B with basic PIP plus $20,000 additional PIP. A is covered by B's basic PIP and B's additional PIP up to the limit of that policy. As to amounts in excess of that sum, A's additional PIP then covers up to the limit of A's policy (in this example, the last $25,000 up to an aggregate of $50,000)." See *Ryals v. Southeastern Fidelity Ins. Co.*, 171 Ga. App. 428 (319 SE2d 867) (1984) (Pope, J., concurring specially). See also *Baron*, supra at 21-22.

In the instant case, were appellees successful in their claim against Voyager for additional PIP benefits based on *Jones*, and *Flewellen*, supra, the amount of their recovery would be $45,000 in optional benefits. It appearing that appellees have already recovered $45,000 optional benefits from Atlanta Casualty, they are precluded by OCGA § 33-34-4 (c) from recovering optional benefits in excess of this amount from Voyager. Thus the trial court erred in denying summary judgment in favor of Voyager with respect to appellees' claim for optional PIP benefits. The trial court did not err in denying Voyager's motion for summary judgment as to all other issues.

*Judgment reversed in part; affirmed in part. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1984 —
REHEARING DENIED SEPTEMBER 27, 1984

*George R. Neuhauser, Richard A. Diment*, for appellant.
*L. Lynn Hanna, Grant R. Brooker*, for appellees.
*Ben B. Mills, Jr., James E. Butler, Jr., Alfred L. Allgood, Andrew W. Estes, Don C. Keenan, Lamar W. Sizemore, Jr., William S. Stone*, amici curiae.