69954. MESSEX et al. v. ATLANTA CASUALTY COMPANY.
(331 SE2d 85)

CARLEY, Judge.

Appellant instituted this action, seeking payment of additional personal injury protection (PIP) benefits under an automobile insurance policy issued by appellee Atlanta Casualty Company and purchased by appellant and her husband. Appellee's motion for summary judgment was granted and appellant appeals.

The record shows that following the purchase of the policy at issue, appellant's husband was killed while driving his employer's vehicle, and $5,000 in basic benefits was paid to appellant by the employer's insurance company. Appellant then filed suit against appellee, claiming that the insurance application did not comply with the signature requirements of former OCGA § 33-34-5 (b) for rejection of optional PIP coverage. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). In her complaint, appellant also sought to "stack" an additional $50,000 in optional PIP benefits which were alleged to be available to her on the single insurance policy because it covered two vehicles for which she was paying separate premiums. Subsequently, appellee paid $45,000 in optional PIP benefits to appellant, but refused to pay any additional optional PIP benefits pursuant to appellant's assertion that she was entitled to "stack" additional $50,000 optional PIP benefits. Appellant then amended her complaint accordingly, and summary judgment was thereafter granted in favor of appellee. Appellant appeals.

In *Voyager Cas. Ins. Co. v. King*, 172 Ga. App. 269, 270 (323 SE2d 4) (1984), this court held that OCGA § 33-34-4 (c) "prevent[s] stacking of *optional* PIP coverages above the highest amount of optional coverage purchased on any one policy. [Cits.]" (Emphasis in

original.) In that case, since the insureds had already recovered $45,000 optional benefits from one insurance company, this court held that even if they were successful in their claim against their insurer for additional benefits based on *Flewellen*, supra, they were precluded by OCGA § 33-34-4 (c) from recovering optional benefits in excess of the amount already recovered.

Appellant first attempts to distinguish *King* and the applicability of its rationale on the basis that, in the case at bar, only one insurance policy is involved. While this is certainly a distinction, for purposes of the instant case, it is a distinction without a difference. Since appellant has already received $50,000 in basic and optional PIP benefits, the fact that appellee issued only one policy covering two vehicles instead of issuing two separate policies has no more significance in the instant case than as evidence of mere administrative convenience. See *Helmly v. Gulf Ins. Co.*, 159 Ga. App. 339 (283 SE2d 370) (1981). Since the rules regarding stacking of basic PIP benefits apply to situations involving a single policy which covers multiple automobiles (see *Helmly v. Gulf Ins. Co.*, supra), the rules regarding stacking of optional benefits should apply with equal force to single policies covering multiple automobiles.

Appellant also attempts to distinguish *King* on the ground that the language of the instant policy is ambiguous and should be construed to allow "stacking" of $50,000 of additional optional PIP benefits. " 'An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others.' [Cit.]" *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, 692 (266 SE2d 228) (1980). The language at issue is found in the PIP endorsement, and reads as follows: "LIMITS OF LIABILITY . . . *Regardless of* the number of persons insured, policies or bonds applicable, claims made or *insured motor vehicles to which this coverage applies*, the [appellee's] liability for additional personal injury protection benefits with respect to bodily injury sustained by any one eligible injured person in any one motor vehicle accident shall not exceed in aggregate the amount set forth on the declaration . . ." (Emphasis supplied.) Appellant asserts that an examination of the declaration page reveals that no aggregate amount is set forth there, nor is there any language which limits the liability of appellee to the highest amount of optional coverage on any one vehicle.

Assuming without deciding that, under *King*, an insurance company may in its multi-car policy effectively provide for the stacking of more than $50,000 in PIP benefits, our review of the entire policy involved in the case at bar, including the above-quoted paragraph in the context of the declaration page, reveals that it does not provide for such stacking of benefits. The clear effect of the policy language

"is to limit recovery to the highest amount of additional PIP purchased on any one [vehicle]." *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove,* supra at 692.

Accordingly, *King* is controlling in the instant case, and we are compelled to hold that since appellant has already recovered $45,000 in optional PIP benefits from appellee, she is prohibited from recovering additional optional benefits in excess of that amount from appellee on the same policy which covers two automobiles. The trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur specially.*

SOGNIER, Judge, concurring specially.

I specially concur. *Voyager Cas. Ins. Co. v. King,* 172 Ga. App. 269 (323 SE2d 4) (1984), in construing the language in OCGA § 33-34-4 (c) that total no-fault benefits "shall not exceed . . . such greater amount of coverage as has been purchased on an optional basis . . . ," established that this statute indicates a clear legislative intent to prevent stacking of optional PIP coverages above the highest amount of optional coverage purchased on any one policy. I agree with the majority that the number of vehicles covered by the policy is irrelevant. However, the majority, in addressing appellant's argument that ambiguous language in the insurance policy should be read as allowing stacking, seems to give credence to the idea that an insurance company is not acting contrary to law if it should fix the terms of its policies to provide for the stacking of more than $50,000 in PIP benefits. Since in *Voyager,* supra, we decided that insurance companies are prevented by law from stacking PIP benefits beyond the optimal amount, I cannot join in the majority's statement, assuming without deciding, that this matter is still open for argument under *Voyager.* Thus, I concur in the judgment affirming the trial court's grant of summary judgment to appellee.

I am authorized to state that Presiding Judge Birdsong joins in this special concurrence.

DECIDED MAY 8, 1985 —
REHEARING DENIED MAY 22, 1985 —

*Richard A. Gordon, Jon A. Green,* for appellants.
*W. Wray Eckl, Robert M. Darroch,* for appellee.