*Steven E. Lister*, for appellee.

A91A1338. ACTION AUTO RENTAL, INC. v. HAYES.
(411 SE2d 757)

COOPER, Judge.

Appellee had an accident while driving an automobile he rented from Action Auto Rental, Inc. ("Action Auto"). Action Auto is an approved self-insurer, having obtained a certificate of self-insurance from the Department of Public Safety. Action Auto's self-insurance plan provides the basic personal injury protection ("PIP") coverage required under OCGA § 33-34-4 (a).[1] OCGA § 33-34-4 (a) (2) required motor vehicle owners to provide no-fault coverage in the minimum amount of $5,000, with a maximum amount of $2,500 to be paid as compensation for medical expenses. Appellee's medical expenses exceeded $2,500, and after he made a claim against Action Auto for no-fault benefits, Action Auto paid appellee $2,500 for medical benefits and $720 for lost wage benefits. Appellee brought a lawsuit against Action Auto seeking an additional $1,780 in medical expenses, contending that he was entitled to stack the PIP benefits available on other vehicles insured under Action Auto's self-insurance plan. Both parties filed motions for summary judgment, and the trial judge denied both motions. We granted Action Auto's interlocutory appeal from the denial of its motion for summary judgment.

Both parties contend that this case is controlled by *Helmly v. Gulf Ins. Co.*, 159 Ga. App. 339 (283 SE2d 370) (1981). In *Helmly*, the plaintiff was injured in an automobile accident and incurred medical expenses in excess of $13,000. At the time of the accident, the plaintiff was insured under a policy of insurance which covered his vehicle and his wife's vehicle. The policy provided $5,000 in no-fault PIP coverage for each accident with a maximum of $2,500 for medical benefits. Plaintiff contended that since he was a named insured for each vehicle, he was entitled to stack the medical coverage so as to recover $5,000 in medical benefits rather than the $2,500 available for one vehicle. This court agreed and noted that if plaintiff had purchased two separate policies he would have been entitled to stack the medical coverage. The court further reasoned that even though plaintiff had only one policy, he had paid two premiums and thus had twice purchased the basic no-fault coverage. In the instant case, the trial judge, relying on *Helmly*, stated that he was unable to determine as a mat-

---

[1] OCGA § 33-34-4 was repealed effective October 1, 1991; however, this case arose prior to the effective date and is governed by that statute.

ter of law that appellee had paid for more than one policy thereby entitling him to stack the benefits. *Helmly* was decided prior to the Supreme Court's decision in *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), which we find to control the case sub judice. "In *Cannon*, [supra] the Supreme Court 'addressed the question of whether the trial court correctly refused to deduct from the verdict obtained by the injured claimant both the PIP benefits paid by her own insurer and the PIP benefits available under the policy of her father, with whom she lived.' [Cit.]" *Georgia American Ins. Co. v. Burnsed*, 196 Ga. App. 626, 627 (396 SE2d 793) (1990). In determining whether the PIP coverage under the two policies could be stacked, the court referred to the definition of "insured" in OCGA § 33-34-2 (5), which provides as follows: " 'Insured' means, in addition to the insured named in the policy, his spouse and children if residing in the same household, the relatives of either the insured or his spouse if residents of the named insured's household, any pedestrian struck by the insured vehicle, and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse. The term shall also include the named insured, his spouse, and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is not similarly insured as required by paragraph (2) of subsection (a) of Code Section 33-34-4."

The Supreme Court focused on the words "similarly insured" and held that the injured claimant "would *not* be an insured under her father's policy while using or occupying her own vehicle, inasmuch as that vehicle *was* 'similarly insured' as required by OCGA § 33-34-4 (a) (2)." Applying *Cannon* to the facts of this case, we hold that appellee is not entitled to stack the basic PIP coverage on the car which he rented with the coverage afforded on any other vehicle similarly insured under Action Auto's self-insurance plan. The record reflects that the standard form rental agreement signed by appellee provided that Action Auto agreed to provide PIP benefits with the "maximum deductible allowed by law" and that when Action Auto applied for a certificate of self-insurance, it elected to provide only the minimum no-fault benefits allowed under Georgia law. Thus, it appears that Action Auto provided basic PIP coverage on each of the automobiles insured under its plan. It is clear that appellee was an insured under Action Auto's plan with respect to the rented automobile and that basic PIP coverage was provided to him. However, we do not find that appellee was an insured, within the meaning of OCGA § 33-34-2 (5), with respect to the multiple vehicles insured under Action Auto's self-insurance plan. Since only basic PIP coverage was available on each of Action Auto's vehicles, those vehicles were similarly insured to the one appellee rented. Therefore, appellee is not entitled to stack the

coverage provided on other vehicles insured by Action Auto. Accordingly, we find that the trial court erred in denying Action Auto's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1991.

*Harman, Owen, Saunders & Sweeney, Perry A. Phillips, Robert J. Higdon, Jr.,* for appellant.

*Didio & Broome, Stefano A. Didio,* for appellee.