### 65964. COLONIAL PENN INSURANCE COMPANY v. BEASLEY.

DEEN, Presiding Judge.

Colonial Penn Insurance Company, defendant below and appellant here, issued an automobile insurance policy for appellee Beasley covering the period from July 17, 1977, through July 17, 1978. On May 11, 1978, Beasley's husband was killed in an automobile accident, and appellant paid her $5,000 personal injury protection (PIP) benefits under the policy.

On November 5, 1981, Beasley contacted appellant to declare her acceptance of the $50,000 PIP coverage retroactively, and to offer payment of the difference between the premium due for the $50,000 coverage and the premium that she had paid for the $5,000 PIP coverage. Appellant refused this proposition and denied the claim for any additional PIP benefits. Beasley commenced the present action, and the trial court granted her summary judgment for the $45,000 additional PIP benefits, on the grounds that appellant had not complied with Code Ann. § 56-3404b (b) then in effect.

Neither party provided a copy of the actual application form, but from the pleadings and admissions of record, it appears that the application form utilized by appellant did not contain separate signature spaces for each type of optional coverage. Indeed, appellant admitted that the application form completed by Beasley had not contained a signature space for an acceptance or rejection of optional PIP coverage.

The issue presented in this case is controlled by the recent Supreme Court decision of *Flewellen v. Atlanta Cas. Co.* 250 Ga. 709 (300 SE2d 673) (1983), reversing this court's decision in *Atlanta Cas. Co. v. Flewellen* 164 Ga. App. 885 (300 SE2d 166) (1982). As decided by the Supreme Court in *Flewellen,* OCGA §§ 33-34-5 (a) and (b) (formerly Code Ann. §§ 56-3404b (a) and (b)) required insurers to offer $50,000 minimum PIP coverage, and provided that this offer of coverage could be refused by the insured only by a signed rejection. In the absence of such a written rejection, the policy would provide $50,000 PIP coverage from its inception. The Supreme Court further

ruled that the statutory writing requirements for rejection of optional coverage were "satisfied by two signatures, one for acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage coverage."

Because the application utilized by appellant in this case clearly did not satisfy the statutory writing requirement as noted above, we must conclude that the PIP coverage under Beasley's policy was for $50,000. The Supreme Court in *Flewellen* has conditioned this additional liability upon the insured's tender of the difference between the premium actually paid and the amount of premium that would have been due had the policy originally been calculated for a $50,000 PIP coverage. Beasley tendered payment of that premium difference, and, accordingly, we affirm the trial court's grant of partial summary judgment for Beasley.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 16, 1983.

*David H. Hanks,* for appellant.
*William C. Calhoun,* for appellee.