**Clifford RUSSELL**

v.

**DAIRYLAND INSURANCE COMPANY.**

Civ. No. C82–888.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 22, 1984.

Sammy J. Hawkins, Marietta, Ga., for plaintiff.

Richard B. Eason, Jr., Eason, Kennedy & Benedict, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This *Jones*-related action is before the court on cross-motions for summary judgment.

The Plaintiff filed a complaint in which he claims that he is entitled to additional personal injury protection ("PIP") benefits under his wife's insurance policy with the Defendant, as well as statutory penalties, punitive damages, and attorney's fees. The Defendant filed a counterclaim, seeking a declaratory judgment that the Plaintiff is not entitled to any optional PIP coverage.

Three issues remain to be resolved in this case. The first issue is the amount of the premium that the Plaintiff must tender in order to obtain the optional PIP coverage. A second issue is whether the Plaintiff is entitled to recover lost wages for the period of time that he has worked as a "weaver" for Goodyear Tire and Rubber Company as opposed to the higher paid position he held as a "creeler" before the accident. Another issue is whether the Plaintiff is entitled to bad faith penalties, attorney's fees, and punitive damages.

Dairyland Insurance Company claims that the Plaintiff must tender $12,-333 in order to obtain the optional coverage. The Defendant explains:

> The above-quoted premium is based upon full coverage for optional PIP, collision, and ACV. The *Flewellen* decision does not differentiate between said coverages but merely states that said coverages exist from their inception in the absence of a knowing rejection by the insured. As it is now uncontroverted following *Flewellen* that such a rejection is lacking, Plaintiff has been billed for full coverage. The Flewellen rationale does not give Plaintiff the right to pick and choose among coverages or unilater-

ally pick the time periods for optional coverage on a retroactive basis. The coverages exist from the inception of the policy.

In contrast, the Plaintiff has tendered $430 as the amount that is due to increase the optional PIP coverage on both his and his wife's policies with the Defendant.

The court held a hearing on the cross motions for summary judgment on January 27, 1984. At that time, the parties were invited to file supplemental briefs. Only the Plaintiff chose to do so.

The court concludes that Dairyland Insurance Company is not entitled to prevail on its claim that $12,333 must be tendered to increase the PIP coverage for two reasons. First, the $12,333 amount covers both Mr. and Mrs. Russell's automobile insurance policies. Mr. Russell's policy, however, is not relevant because he is asserting his claim solely under his wife's policy.[1] Thus, even if the court accepts Dairyland Insurance Company's theory on how to calculate the premium due, the maximum that would be owed is $5,375. *See* Exhibit B to Plaintiff's Motion for Summary Judgment.

The court acknowledges that Dairyland's argument that the premium should be based on full coverage for optional PIP, collision and comprehensive is not illogical or insubstantial. Since Mr. Russell's insurance application did not meet *Flewellen's* two signature requirements, Mr. Russell has enjoyed the benefit of full $50,000 optional coverage in all categories since tender of the application, subject only to tender of the proper premium, even after an accident had occurred. Since he has received this benefit, it does not seem inappropriate that he should pay for it. Further, in *Flewellen* and *Van Dyke*, the Georgia Supreme Court tied the fate of an insured's entitlement to optional PIP to the fate of collision coverage by requiring two signatures, "one for acceptance or rejection of optional PIP and another to indicate acceptance or rejection of vehicle damage

coverage." In addition, the court notes that the Georgia courts have not expressly ruled on this point. Nonetheless, the facts in *Flewellen v. Atlanta Casualty Co., Van Dyke v. Allstate Ins. Co.,* 250 Ga. 709, 300 S.E.2d 673; *Government Employees Insurance Company v. Mooney,* 250 Ga. 760, 300 S.E.2d 799 (1983), and *Colonial Penn Insurance Company v. Beasley,* 165 Ga. App. 806, 302 S.E.2d 720 (1983), appear to be such that only a premium for optional PIP was tendered by the insureds. *See, e.g., Beasley,* 165 Ga.App. at 806, 302 S.E.2d at 720 (insured entitled to $50,000 PIP coverage in case where difference between premium due for $50,000 coverage and premium paid for basic PIP coverage was tendered). The court therefore rules in Plaintiff's favor on the issue of whether it is sufficient to tender premiums only for optional PIP coverage in order to obtain the $50,000 coverage.

The proper amount of premium due to retroactively increase Mrs. Russell's PIP coverage from $5,000 to $50,000 is $5.00 per month for each automobile covered. *See* Exhibit E to Plaintiff's Motion for Summary Judgment; Exhibit D to Defendant's Response to Judge Evan's Order entered October 14, 1983. The Defendant is DIRECTED to recalculate the total amount of premium due to increase the PIP coverage on Mrs. Russell's policy and to submit a new bill to the Russells reflecting this amount within twenty (20) days of entry of this Order. If the Plaintiff does not agree with the amount calculated by the Defendant, he shall notify the court in writing of the dispute within ten days after receiving the new bill.

Having concluded that the Defendant incorrectly calculated the amount of premium due for the increased PIP coverage and that on at least one occasion the Plaintiff tendered the amount of premium due and submitted a proof of loss statement to the Defendant, the court GRANTS the Plaintiff's Motion for partial summary judgment

---

**1.** At the conference held on January 27, 1984, the parties agreed that Mr. Russell is asserting his claim solely under his wife's policy. However, he initially claimed benefits under both policies.

on the issue of whether Plaintiff is entitled to the PIP coverage in the amount of $50,000.

The Plaintiff claims, in his Brief in Opposition to Defendant's Motion for Summary Judgment, that he is entitled to recover income lost since his return to work as a "weaver." That is, the Plaintiff seeks to recover the difference between what he previously earned as a "creeler" and what he now earns in the lower paid position as a "weaver."

The Georgia Motor Vehicle Accident Reparations Act ("Act") provides that:

(a) Each insurer shall also make available on an optional basis the following coverage:

(1) An aggregate limit of benefits payable without regard to fault up to $50,000.00 per person. Benefits purchased in excess of $5,000.00 shall be paid as determined by the insured without apportionment to cover any of the following expenses incurred by the insured but not compensated for under paragraph (2) of subsection (a) of Code Section 33–34–4:

\* \* \* \* \* \*

(B) Eighty-five per cent of the loss of income or earnings during disability[.]

O.C.G.A. 33–34–5(a)(1)(B).[2] "Disability" is defined as "any period of time commencing within 24 months from the date [of the accident] during which an insured is unable to either: (A) Perform substantially all of the duties required by his usual occupation; or (B) Engage in his principal activity if the person is not employed on at least a full-time basis." O.C.G.A. § 33–34–2(2).

The Plaintiff has returned to work on a full-time basis. The question then is whether, under subsection (A) quoted above, the Plaintiff is now performing as a weaver "substantially all of the duties required by his usual occupation."

Plaintiff claims that he is entitled to recover his diminished earnings, stating that due to the accident he returned to Goodyear Tire & Rubber Company in a "lesser" and different capacity because of his physical inability to do the heavier job he had prior to the accident.[3] In contrast, the Defendant contends that Mr. Russell is not disabled under the Act because he has been employed on a full-time basis at his prior place of employment for the past year and has been able to "substantially" perform all the duties required in his occupation. The Defendant therefore argues that the Plaintiff is not entitled to any lost wages.

■ A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370 (11th Cir.1982); *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365 (11th Cir.1982). Therefore, a court should not grant summary judgment if there exists a genuine issue as to any material fact. *United States v. An Article of Food Consisting of 345/50-Pound Bags*, 622 F.2d 768 (5th Cir.1980).[4]

■ The party requesting summary judgment has the burden of showing that there exists no such issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clark*, 692 F.2d at 1370. The former Fifth Circuit stated that "[i]n reviewing the pleadings, depositions, answers to

---

**2.** Because the Plaintiff has elected to obtain the maximum PIP coverage, O.C.G.A. § 33–34–5 is the relevant statutory provision.

**3.** Specifically, the Plaintiff states that prior to May 31, 1981, he was employed by Goodyear Tire & Rubber Company as a creeler earning approximately $347.89 per week. On March 31, 1982, Mr. Russell was permitted by his doctor to return to work with Goodyear as a weaver,

which position allegedly paid less money per hour than the creeling job.

**4.** Decisions of the Fifth Circuit handed down prior to September 30, 1981, are binding precedent unless overruled or modified by the Eleventh Circuit en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–10 (11th Cir.1981).

interrogatories, admissions, and affidavits to determine whether a genuine issue of material fact exists, a court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *An Article of Food*, 622 F.2d at 771. A trial court must not decide any factual issues it finds in the record; if factual issues are present, the court must deny the motion. *Clark*, 692 F.2d at 1370.

■ The court cannot conclude as a matter of law whether Mr. Russell now performs in his position as a weaver "substantially all of the duties required by his usual occupation." Whether Mr. Russell is "disabled" under the Act is an issue of material fact. Because of the existence of such an issue, the court DENIES the Defendant's Motion for Summary Judgment on the question of whether the Plaintiff is entitled to recover any lost earnings.

An issue remains as to whether the Plaintiff is entitled to bad faith penalties, punitive damages, and attorney's fees.[5]

■ O.C.G.A. § 33–34–6(b), (c), formerly Ga.Code Ann. § 56–3406b(b), (c), provides in relevant part:

(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insured. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insur-

er. For the purpose of calculating the extent to which any benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail or to the last known address in a properly addressed, postpaid envelope or, if not so posted, on the date of delivery.... In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees.

(c) In addition ..., in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to ... within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages.

The test under these statutory provisions is one of good faith of the insurer; the burden of proving such good faith is on the insurer. *Bituminous Casualty Corporation v. Mowery*, 145 Ga.App. 45, 244 S.E.2d 573 (1978).

■ There is no bad faith where a doubtful question of law is involved. *Brown v. Seaboard Lumber and Supply Company*, 221 Ga. 35, 142 S.E.2d 842 (1965). "Bad faith" on the part of an insurance company is a "frivolous and unfounded denial of liability." *State Farm Mutual Automobile Insurance Company v. Harper*, 125 Ga.App. 696, 188 S.E.2d 813

---

**5.** This issue was raised in the Defendant's Motion for Summary Judgment. The Plaintiff did not request judgment as a matter of law on the issue of whether he is entitled to recover statutory penalties, punitive damages, or attorney's fees. In fact, the Plaintiff, in his Response to Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment, stated that

[i]f this Court grants [his] motion for partial summary judgment, the issues remaining be-

fore this Court are punitive damages, attorney's fees and the statutory penalty for defendant's bad faith failure to pay plaintiff's claim. The test under Ga.Code Ann. § 56–3406b, now OCGA § 33–34–6, is one of good faith of the insurer, and the burden of proof is on the insurer. (cite omitted). Ordinarily, the determination of good or bad faith of the insurer is one for the jury. (cites omitted).

(1972). In other words, an insurance company is not acting in bad faith if there is any reasonable ground for contesting liability. *American Casualty Company v. Ten Tex Corporation*, 357 F.2d 269, 271 (5th Cir.1966). If the insurer's defense or reason for not paying the benefits demonstrates a "reasonable and probable cause" for refusing payment, then this defense legally vindicates the good faith of the company. *Mowery*, 145 Ga. at 45, 244 S.E.2d at 573.

The court finds that the Defendant's failure to extend the optional coverage and pay additional benefits to the Plaintiff up until the Supreme Court of Georgia's decision in *Flewellen* and *Van Dyke* was in good faith. The Court also finds that Dairyland Insurance Company acted in good faith when it contested liability and refused to pay the additional PIP benefits to the Plaintiff. The court therefore concludes that the Defendant is entitled to judgment as a matter of law on the issue of whether the Plaintiff is entitled to statutory penalties, punitive damages, and attorney's fees.

In sum, the court GRANTS the Plaintiff's motion for partial summary judgment on the issue of whether Plaintiff is entitled to the PIP coverage in the amount of $50,-000.

The court DENIES the Defendant's motion for summary judgment on the question of whether the Plaintiff is entitled to recover lost earnings.

The court GRANTS the Defendant's Motion for Summary Judgment on the issue of whether the Plaintiff is entitled to statutory penalties, punitive damages, and attorney's fees.