61569. ATLANTA CASUALTY COMPANY v. SHARPTON.

SHULMAN, Presiding Judge.

On April 8, 1980, while driving his employer's truck in the course of his employment, appellee Sharpton was involved in an automobile accident in which he sustained injuries and expenses. Appellee was paid medical expenses and $110 a week in lost wages for each week of disability under workers' compensation coverage issued to his employer. In addition, appellee received payments of $43.40 from his employer's no-fault automobile insurer for each week he was disabled, which payments represented the difference between 85% of his weekly wage ($180) and the workers' compensation payment. Appellee also applied for personal injury protection (PIP) benefits under his own no-fault coverage with appellant Atlanta Casualty Company. Appellant denied coverage and appellee filed the instant

suit.

Both parties filed motions for summary judgment. The order of the trial court contains findings that at the time of trial medical expenses in excess of $2,500 had been paid on behalf of Sharpton by his employer's workers' compensation carrier; that Sharpton had received $110 a week from his employer's workers' compensation carrier from the date of the accident; that from April 9, 1980, through September 19, 1980, Sharpton received a total of $1,014.80 in payments for lost wages under his employer's automobile no-fault minimum PIP coverage; that Sharpton continues to suffer medical expenses and lost wages; and that Sharpton was covered by a policy of insurance purchased from appellant providing no-fault basic minimum PIP coverage on his own automobile.

The trial court held that the issue was controlled by Code Ann. § 56-3409b (Ga. L. 1979, pp. 594, 595), which provides that benefits payable under minimum PIP insurance shall not be reduced by amounts received as workers' compensation benefits or medical expense reimbursement except in the specific instances set forth in subsections (b) and (c). The trial court also held that Code Ann. § 56-3409b (b) and (c) did not apply here because the policy of insurance under which Sharpton sought to recover PIP benefits was not provided by his employer but was purchased from appellant by Sharpton. The court held that appellee was entitled to judgment in the amount of $3,985.20, representing $2,500 in medical expenses and $1,485.20 for lost wages; that appellant was entitled to no credit for the medical expenses paid by appellee's employer's workers' compensation carrier or for any payments made to appellee for lost wages under his employer's workers' compensation policy; but that appellant was entitled to deduct from the maximum amount it would otherwise be obligated to pay under its PIP coverage the $1,014.80 Sharpton had received as lost wages from his employer's automobile insurer. Judgment was entered against appellant in the amount of $3,985.20 plus court costs, and it is from that judgment that appellant brings this appeal.

This court, in *Georgia Cas. & Sur. Co. v. Waters,* 146 Ga. App. 149 (246 SE2d 202), discussed the legislative intent implicit in Code Ann. Ch. 56-34B to prevent "stacking" of PIP coverages above the basic limit of $5,000 and stated that, where both the employee and the employer have such insurance, the no-fault coverage "follows the car." Thus, Sharpton's initial or primary PIP coverage was correctly provided by his employer's insurance on the vehicle he was driving. Sharpton contends that when his employer's carrier's liability under its contract of insurance (including correlated benefits from workers' compensation) was exhausted, Sharpton's personal PIP carrier, the

appellant, became obligated to pay the difference between one full no-fault recovery and the amount Sharpton had received from the primary no-fault carrier. Appellant insists that decisions such as *Georgia Cas. & Sur. Co. v. Waters,* supra, prohibit Sharpton from receiving duplicate benefits and "stacking" minimum PIP coverages, and that the correlation of benefits amendment to Code Ann. § 56-3409b was an attempt by the legislature to cut off this type of double recovery.

We conclude that neither Code Ann. § 114-103 nor § 56-3409b was intended to deprive an injured person from collecting benefits to which he is entitled under his own personal no-fault insurance. As noted by the Supreme Court in *Freeman v. Ryder Truck Lines, Inc.,* 244 Ga. 80, 82-83 (259 SE2d 36), Code Ann. § 114-103 "has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his *employer* . . . [T]he plaintiff in this case has no-fault insurance on his personal vehicle. That insurance is applicable here. Code Ann. § 56-3407b (a). We find that Code Ann. § 56-3409b (a) protects plaintiff's rights under his own no-fault policy notwithstanding his receipt of workers' compensation benefits but that, having received compensation benefits, Code Ann. § 114-103 precludes his recovery of no-fault benefits from his *employer."* (Emphasis supplied.) The subsequent amendment to Code Ann. § 56-3409b adding subsections (b) and (c) (Ga. L. 1979, pp. 594, 595) and the recent decision of *Brown v. Boston Old Colony Ins. Co.,* 247 Ga. 287 (275 SE2d 651), have broadened the rights of the injured employee by allowing him to collect basic benefits under his employer's no-fault insurance "in addition to, though reduced by, benefits under Title 114." Nothing in the 1979 statute or the 1981 *Brown* decision implies that the correlation of benefits required under the employer's insurance served to nullify the injured employee's right to benefits under no-fault protection he bought for himself, and, as to this issue, *Freeman* is still controlling.

Limited "stacking" of policies is permitted up to the $5,000 maximum where such limit is not reached under one policy. *National Gen. Ins. Co. v. Meeks,* 145 Ga. App. 830 (4) (244 SE2d 920); *Georgia Cas. & Sur. Co. v. Waters,* supra, p. 154. In this case, appellee has received the maximum benefits provided in Code Ann. § 56-3409b from his employer's no-fault and workers' compensation carriers. He brought this action to recover from his own insurer the difference between what he had received from his employer's no-fault insurance and one full basic no-fault coverage of $5,000. Appellee's employer's no-fault insurer was entitled to credit for payments Sharpton received as workers' compensation under Code Ann. § 56-3409b (b)

and (c). The *employee's* insurer, the appellant, is not entitled to those same credits. However, since the injured employee is entitled only to one full basic no-fault recovery of $5,000 and since Sharpton has been paid $1,014.80 by his employer's no-fault carrier, payment of the full amount by appellant would result in a duplication of benefits for the same element of loss. Therefore, the trial court correctly granted summary judgment in favor of appellee in the amount of $3,985.20.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 9, 1981 —

*Arthur H. Glaser,* for appellant.
*Charles E. Moore, J. Alexander Rue,* for appellee.