Milton Earl WHITLOCK

v.

UNITED STATES FIDELITY &
GUARANTY COMPANY.

Civ. No. C83–589.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 10, 1984.

C. Lawrence Jewett, Atlanta, Ga., for plaintiff.

D. Keith Calhoun, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This *Jones*-related suit is before the court on the Plaintiff's Motion for partial summary judgment and Defendant's Motion for summary judgment.

The relevant facts are as follows: On August 27, 1982, the Plaintiff was involved in an automobile accident while operating a vehicle owned by his employer, Cable Atlanta, Inc.; the vehicle was insured by the Defendant under a no-fault insurance policy issued to Cable Atlanta, Inc. This policy provides only basic PIP coverage. The named insured—Cable Atlanta, Inc.—has neither demanded additional PIP coverage nor tendered a premium for such coverage.[1]

---

1. The Plaintiff states that the insurer also pro-    vided workers' compensation coverage for Cable

The Plaintiff claims that he is entitled to both basic PIP benefits under the insurance policy for lost wages and optional PIP coverage. He also seeks statutory penalties, punitive damages, and attorney's fees.

*Plaintiff's claim for lost wage benefits*

The Plaintiff alleges that he is entitled to recover $5,000 in basic benefits for lost wages. The Defendant has rejected this claim, asserting that the Plaintiff has not suffered any lost wages for which recovery may be had because he was terminated from employment shortly after the accident—on August 30, 1982—for having an excessive number of accidents. *See* Exhibit A, filed with Defendant's Statement of Material facts not in dispute.

The cases cited by the Defendant in its motion for summary judgment and supportive brief stand only for the proposition that if an individual is receiving no income at the time of injury, that "insured" is not entitled to lost wages benefits under O.C. G.A. § 33–34–4(a)(2)(B). *See State Farm Mutual Automobile Insurance Company v. Smith*, 245 Ga. 654, 266 S.E.2d 505 (1980); *Miller et al. v. Spicer*, 147 Ga.App. 759, 250 S.E.2d 492 (1978). These cases are not helpful because in the instant suit, the plaintiff was earning wages on the date of the accident. However, he was terminated three days later.[2]

In a recently filed supplemental brief, the Defendant acknowledges that the issue raised in this suit is one of first impression in Georgia. The Defendant, however, states that "a logical application of the statutory language and case law prohibits recovery on this claim." According to the Defendant, because the Plaintiff failed to establish lost wages he is not entitled to such benefits. The Defendant summarizes the relevant law as follows:

> ... No-Fault insurance is like other policies of insurance, in that the claimant must present proof of loss before benefits are due. Thus, the Georgia courts have denied benefits in those cases where the plaintiff is unemployed on the date of the accident, and hence, unable to prove lost wages. The courts have likewise denied benefits where the claimant was employed, but receiving no compensable income. Lost wage benefits have also been denied where the claimant was unable to prove a future contract of employment and where the plaintiff has been unable to prove a loss of compensable income. On the other hand, lost wage benefits are available to claimants that can present clear and convincing proof of a future contract of employment, or where the claimant can establish a loss of compensable income. In other words, a claimant may recover lost wage benefits only upon presenting reasonable proof that a loss has been sustained. Where a claimant fails to present proof of the loss, or the insurer presents proof that no loss was sustained, lost wage benefits cannot be recovered.

Supplemental Brief at 5–6 (cites omitted).

■ The court does not agree with the Defendant that a reading of the relevant cases leads to the conclusion that an insured who was employed and receiving income at the time of injury and was discharged shortly after the accident can be prevented from recovering lost income benefits solely because of that discharge. Although there is no evidence of bad faith on the part of Cable Atlanta, Inc., reaching the conclusion asserted by the Defendant would, at the least, leave open the possibility of collusion between employers as named insureds and their insurers. At the least, it would give the appearance of possible impropriety. In addition, the court cannot find that the Georgia legislature intended that an insured's right to recover lost wages could be so easily defeated.

In reaching this conclusion, the court is not holding that Mr. Whitlock is entitled to

---

Atlanta, Inc. In contrast, the Defendant contends that it did not provide workers' compensation insurance to Cable Atlanta, Inc. at the time of the incident in question.

**2.** No evidence has been presented suggesting that the August 30, 1982 discharge was done in bad faith in order to avoid having to pay basic PIP benefits.

lost wages. Whether he is disabled and has incurred lost income as contemplated by O.C.G.A. § 33–34–5(a)(1)(B) is a question which cannot be resolved as a matter of law.

*Plaintiff's claim for optional PIP coverage*

As stated above, the Plaintiff seeks to elect optional PIP coverage pursuant to the insurance policy issued to his employer. That policy provides only basic PIP coverage. The named insured apparently has not demanded additional coverage or tendered additional premiums. Although no affidavit was filed by an officer of Cable Atlanta in support of the Defendant's motion, the Plaintiff has not contested the accuracy of that fact.

█ The Georgia Court of Appeals recently decided a case which controls the instant suit. *See Bailey v. Georgia Mutual Insurance Company*, 168 Ga.App. 706, 309 S.E.2d 870 (1983), *cert. denied*, (Jan. 6, 1984). In *Bailey*, the court held "that a demand for increased coverage by the *policyholder* is necessary before those who would be incidental or third party beneficiaries as 'other insureds' can seek optional benefits." (emphasis added). The court explained: "[I]t is apparent that the rationale of *Jones*, *Flewellen*, and *Mooney* has efficacy only where there is a dispute between a policyholder and an insurer as to optional coverage." Pursuant to *Bailey*, the court rejects the Plaintiff's argument that he is entitled to elect the optional PIP coverage on behalf of his employer.[3]

*Plaintiff's claim for statutory penalties, punitive damages and attorney's fees.*

█ The relevant statutory sections provide in relevant part:

(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained.. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after proof is received by the insurer.... In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 per cent of the amount due and reasonable attorney's fees.

(c) In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages.

O.C.G.A. § 33–34–6(b), (c). The test under this statutory provision is one of good faith of the insurer; the burden of proving such good faith is on the insurer. *Bituminous Casualty Corporation v. Mowery*, 145 Ga. App. 45, 244 S.E.2d 573 (1978).

█ There is no bad faith where a doubtful question of law is involved. *Brown v. Seaboard Lumber and Supply Company*, 221 Ga. 35, 142 S.E.2d 842 (1965). "Bad faith" on the part of an insurance company is a "frivolous and unfounded denial of liability." *State Farm Mutual Insurance Company v. Harper*, 125 Ga. App. 696, 188 S.E.2d 813 (1972). In other words, an insurance company is not acting in bad faith if there is any reasonable

---

3. The Plaintiff concedes that *Bailey* controls the instant case. *See* Brief of Milton Whitlock in Opposition to Defendant's motion for Summary Judgment and Supplemental Brief in Support of Plaintiff's Motion for Summary Judgment at 2.

ground for contesting liability. *American Casualty Company v. Ten Tex Corporation*, 357 F.2d 269, 271 (5th Cir.1958).[4] If the insurer's defense or reason for not paying the benefits demonstrates a "reasonable and probable cause" for refusing payment, then this defense legally vindicates the good faith of the company. *Mowery*, 145 Ga. at 45, 244 S.E.2d at 573.

■ Although the argument asserted by the Defendant on the issue of lost wages is not being accepted by the court, the court finds that it is not unreasonable or frivolous. The court therefore holds that the Defendant's failure to pay the basic PIP benefits for lost wages was in good faith.[5] Because the court has found that the Plaintiff cannot recover any optional PIP benefits, his claim for statutory penalties, punitive damages and attorney's fees due to the insurer's refusal to extend the optional coverage must also be denied.

The court hereby DENIES the Plaintiff's motion for partial summary judgment.

The court hereby GRANTS in part the Defendant's Motion for summary judgment. That is, the court concludes as a matter of law that the Defendant is not obligated to extend optional PIP coverage to the Plaintiff and is not liable to the Plaintiff for statutory penalties, punitive damages or attorney's fees. However, the court cannot conclude as a matter of law whether the Plaintiff is entitled to basic PIP benefits for lost wages. The issue of whether the Plaintiff was or is "disabled" thereby entitling him to recover any lost earnings will be resolved at trial.

---

4. Decisions of the Fifth Circuit handed down prior to September 30, 1981 are binding precedent unless overruled or modified by the Eleventh Circuit en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–10 (11th Cir.1981).

5. Although the issue of good or bad faith of the insurer is ordinarily for the jury, there are instances in which the issue is one of law for the court. *See Government Employees Insurance Company v. Mooney*, 250 Ga. 760, 300 S.E.2d 799 (1983).