45325, 45327. CANNON v. LARDNER; and vice versa.
(368 SE2d 730)

WELTNER, Justice.

We granted certiorari to consider two issues in an action for personal injuries arising out of an automobile collision. *Cannon v. Lardner*, 185 Ga. App. 194 (363 SE2d 574) (1987).

1. One issue is the admission of evidence that Cannon was not wearing a seat belt when the collision occurred. Because of the passage of legislation subsequent to the incident under investigation, it now appears that this issue does not satisfy the criterion of public gravity for the grant of certiorari, and, as to it, the writ is vacated. See Ga. L. 1988, p. 31 et seq.

2. The other issue concerns the reduction of a jury award for medical expenses that were covered in part by insurance without regard to fault.

Cannon was insured under her own policy that included both basic and optional personal injury protection benefits. At the time of the collision, she lived with her father, who held an insurance policy on his own vehicle. The trial court, as provided by OCGA § 33-34-9 (b), deducted $2,500 from a $4,300 jury award for medical expenses that was returned in favor of Cannon and against Lardner, who was the driver of the other vehicle.

Lardner, however, argues that the entire $4,300 should have been deducted because, he contends, Cannon was eligible to receive, under her father's policy, the remaining $1,800 of medical expenses,[1] and, in that event, OCGA § 33-34-9 (b) would preclude her from recovering the excess from him as the tort-feasor.

(a) If Cannon were eligible to collect under the "minimum coverage" (being that required by OCGA § 33-34-4 (a)) of her father's policy, then she could not recover any funds for which she were so eligible from the tort-feasor. OCGA § 33-34-9 (b).

(b) If, however, she were *not* eligible to recover under that policy, she would *not* be barred from pursuing Lardner for the $1,800 by which her medical expenses exceeded her own "minimum coverage."

3. This issue is resolved by the statutory definition of "insured."

(a) OCGA § 33-34-2 (5) provides:

> Insured means, in addition to the insured named in the policy, his spouse and children if residing in the same household, any pedestrian struck by the insured vehicle, and any other person using or occupying the insured vehicle with the express or implied permission of the named insured or his spouse.

That subsection goes on to state:

> The term shall also include the named insured, his spouse, and any resident relative while a pedestrian or while occupying or when struck by a motor vehicle when such motor vehicle is *not similarly insured* as required by paragraph (2) of subsection (a) of Code Section 33-34-4. [Emphasis supplied.][2]

(b) Cannon, being a child of the "named insured" of her father's

---

[1] i.e., that portion of the verdict that exceeded her own "minimum coverage" as required by OCGA § 33-34-4.

[2] That "occupying or using the insured vehicle" is a prerequisite for a household member to be an "insured" is evident from the existence of this latter provision, which would be meaningless if a household member were, by virtue of the former provision, an "insured" in *any* eventuality involving *any* vehicle.

policy, and "residing in the same household," would be an "insured" under this definition "while using or occupying the insured [i. e., her father's] vehicle." Conversely, she would *not* be an insured under her father's policy while using or occupying her own vehicle, inasmuch as that vehicle *was* "similarly insured" as required by OCGA § 33-34-4 (a) (2).

(c) Because Cannon is not an "insured" under her father's policy as concerns the collision involved here, she is not "eligible for economic loss benefits" (i. e., for the "minimum coverage" required by OCGA § 33-34-4) under that policy.

(d) Accordingly, she is *not* precluded by OCGA § 33-34-9 from "pleading or recovering in an action for damages against a tort-feasor" — Lardner — those damages for which compensation for economic loss is *not* available under the "minimum coverage" requirements of OCGA § 33-34-4.[3]

4. Lardner insists, under the authority of *National General Ins. Co. v. Meeks*, 145 Ga. App. 830 (4) (244 SE2d 920) (1978), that Cannon is eligible to receive the additional $1,800 under the minimum coverage provision of her father's policy. Two judges of the panel in that case stated: "We cannot agree with the contention of the defendant that there was a clear legislative intent to preclude 'stacking' of no-fault policies." 145 Ga. App. at 834.

We agree that OCGA § 33-34-4 (c) authorizes the cumulation of coverages ("stacking") up to a total sum of $5,000.[4] However, Cannon cannot cumulate coverage under *any* policy without being an "insured" under that policy, as defined by OCGA § 33-34-4 (c). Because she was not an "insured" under her father's policy with respect to *this* collision, she is eligible for no economic benefits under it.

To the extent that *Meeks* might indicate a contrary conclusion, it is disapproved.

*Writ vacated in Case No. 45325. All the Justices concur, except Smith, J., who dissents.*

*Judgment affirmed in Case No. 45327. All the Justices concur.*

DECIDED JUNE 3, 1988 —
RECONSIDERATION DENIED JUNE 22, 1988.

---

[3] i. e., the $1800 in excess of her own $2500 "minimum coverage" for medical expenses.

[4] The statute provides: "The total benefits required to be paid under this Code section without regard to fault as the result of any one accident shall not exceed the sum of $5,000.00 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided in Code Section 33-34-5, regardless of the number of insurers providing such benefits or of the number of policies providing such coverage."

*Hughes & Gibsen, Ralph E. Hughes,* for appellant.
*Jenkins, Bergman & Darroch, Frank E. Jenkins III, Mark A. Barber,* for appellee.