**Ray SHIPES, Plaintiff,**

v.

**The HANOVER INSURANCE CO., Defendant.**

**Civ. A. No. 87–69–3–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

July 1, 1988.

Burton Lee, Elizabeth R. Francisco, Macon, Ga., for plaintiff.

Cubbedge Snow, III, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

On September 30, 1987, this court issued an order in the above-captioned case granting plaintiff's motion for partial summary judgment on the issue of the proper calculation of benefits due an injured employee pursuant to O.C.G.A. § 33–34–8(c). *See Shipes v. Hanover Insurance Co.,* 670 F.Supp. 354 (M.D.Ga. 1987). Now pending before the court is defendant Hanover Insurance Company's motion of March 14, 1988, in which defendant Hanover moves for summary judgment on plaintiff's claims premised upon O.C.G.A. § 33–34–6(b) and (c). Those subsections, the relevant portions of which are quoted below, provide for the award of certain penalties, attorney's fees and punitive damages in the event an insurer fails or refuses to pay benefits upon proper proof of loss when such failure or refusal to pay was not in good faith.

(b) Benefits required to be paid without regard to fault shall be payable monthly as loss accrues. The benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss sustained.... In the event the insurer fails to pay each benefit when due, the person entitled to the benefits may bring an action to recover them and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees.

(c) In addition to all other penalties provided for in this Code section, in the event that an insurer fails or refuses to pay a person the benefits which the person is entitled to under this chapter within 60 days after proper proof of loss has been filed, the person may bring an action to recover the benefits; and, if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages.

O.C.G.A. § 33–34–6(b) and (c).

Both parties adopt for the purposes of this motion the facts as reported in this court's previous order; thus, those facts need not be repeated here. *See Shipes, supra.* Defendant Hanover supplements those facts with the following admission: "Defendant further states that the Eleven Dollars and Twenty–three Cents ($11.23) which plaintiff claims he was underpaid weekly was not paid within the thirty-day and sixty-day periods contained in O.C.G.A. § 33–34–6." Defendant's Brief in Support of its Motion for Summary Judgment, p. 2. Defendant's admission clearly implicates O.C.G.A. § 33–34–6.

■ While the question of good or bad faith is generally one properly submitted to a jury, in some instances the issue is one of law for the court. *Georgia Farm Bureau Mutual Insurance Company v. Matthews,* 149 Ga.App. 350, 352, 254 S.E.2d 413, 415

(1979).[1]  In holding that the issue of good or bad faith should not have been submitted to the jury, the court explained that if there was no evidence of a frivolous or unfounded refusal to pay, or if the question of liability was a close one, the court for the furtherance of justice should not permit a verdict awarding bad faith penalties to stand. *Id.* at 352, 254 S.E.2d at 415. The question of the good or bad faith of an insurer is also properly determinable on motion for summary judgment. *See American Interstate Insurance Company of Georgia v. Revis,* 156 Ga.App. 204, 274 S.E.2d 586 (1980) (insurer's interpretation of judicial construction of statute, although erroneous, was not unreasonable, and court should have granted insurer's motion for summary judgment on issue of good faith); *Insurance Company of North America v. Smith,* 183 Ga.App. 266, 358 S.E.2d 658 (1987) (correct proposition of law is that an insurer has no liability for bad faith penalties if it can be said as a matter of law that insurer had a reasonable defense to denial of benefits); *Whitlock v. United States Fidelity & Guaranty Co.,* 579 F.Supp. 293 (N.D.Ga.1984) (court granted defendant insurer's motion for summary judgment on issue of good or bad faith finding insurer's argument, while unpersuasive, not unreasonable or frivolous); *Russell v. Dairyland Ins. Co.,* 580 F.Supp. 726 (N.D.Ga. 1984) (court granted defendant insurer's motion for summary judgment on issue of good or bad faith finding insurer's reliance on court decisions a reasonable and probable cause for contesting liability).

■ "The test under [O.C.G.A. § 33–34–6(b) and (c)] is one of good faith of the insurer; the burden of proving such good faith is on the insurer." *Whitlock,* 579 F.Supp. at 295. In its motion for summary judgment, defendant Hanover relies upon an affidavit ascribed to by Hanover employee Emita Hyman which states that Hanover at all times "acted in good faith and relied upon [its] interpretation of O.C. G.A. § 33–34–8(c)" in determining plaintiff Shipes' benefits.[2]  Affidavit of Emita Hyman attached to defendant's Motion for Summary Judgment. Attached to Ms. Hyman's affidavit were copies of the correspondence explaining Hanover's position to plaintiff's counsel.

Additionally, defendant points out that in *Shipes, supra,* this court was the first court to address directly the correlation of benefits under O.C.G.A. § 33–34–8. Prior to this court's order, defendant relied for its benefits determination upon *Brown v. Boston Old Colony Insurance Co.,* 247 Ga. 287, 275 S.E.2d 651 (1981), a decision in which the Georgia Supreme Court recited in the facts the method of calculating benefits utilized by Boston Old Colony Insurance Company. That method resulted in a greater award of benefits than one mentioned in another case. *See Atlanta Casualty Co. v. Sharpton,* 158 Ga.App. 758, 282 S.E.2d 214 (1981). Defendant Hanover employed the method mentioned in *Boston Old Colony Insurance Co.,* and plaintiff Shipes was timely paid the benefits as calculated by that method.

"There is no bad faith where a doubtful question of law is involved." *Whitlock,* 579 F.Supp. at 295, citing *Brown v. Seaboard Lumber and Supply Company,* 221 Ga. 35, 142 S.E.2d 842 (1965). This court finds that the proper correlation of benefits pursuant to O.C.G.A. § 33–34–8(c) was such a doubtful question of law. Defendant Hanover's position on the interpretation of that statute was neither frivolous nor unfounded; in fact, defendant relied, albeit erroneously, upon language contained in an opinion by the Georgia Supreme Court.  "'Bad faith' on the part of

---

1. In *Matthews,* the Georgia Court of Appeals explained its prior holding in *Bituminous Casualty Corp. v. Mowery,* 145 Ga.App. 45, 244 S.E.2d 573 (1978), in which the court had stated that "[t]he question of good or bad faith of the insurer is for the jury." *Mowery,* 145 Ga.App. at 53, 244 S.E.2d at 579.

2. This court notes plaintiff's concern regarding the credibility of Ms. Hyman's affidavit, and it has considered the cited case of *Carlin Communication, Inc. v. Southern Bell Telephone and Telegraph Company,* 802 F.2d 1352 (11th Cir. 1986). The letters attached to Ms. Hyman's affidavit, however, tend to support her statement regarding defendant Hanover's course of conduct.

an insurance company is a 'frivolous and unfounded denial of liability.'" *Whitlock*, 579 F.Supp. at 295, citing *State Farm Mutual Insurance Company v. Harper*, 125 Ga.App. 696, 188 S.E.2d 813 (1972).

Further, this court notes that the question of the proper correlation of benefits payable pursuant to O.C.G.A. § 33–34–8(c) was a question of first impression. Other cases merely recited in the facts methods of calculation previously employed. There can be no bad faith where an insurer has reasonable and probable cause for litigating a matter of first impression. *See Mowery*, 145 Ga.App. at 49, 51, 244 S.E.2d at 577 and 579 (that the question is one of first impression does not alone, as a matter of law, forbid the imposition of sanctions; there must be reasonable and probable cause for litigating such a question). Certain factors make clear that defendant Hanover had reasonable and probable cause to litigate the question of the proper calculation of benefits pursuant to O.C.G.A. § 33–34–8(c). First, the two cases mentioned previously, *Boston Old Colony Insurance Co.* and *Sharpton*, each included a different method of calculating the benefits in question. Litigating such a matter in hopes of receiving a determinative ruling does not constitute "bad faith." Second, defendant Hanover's selected method, though ultimately shown to be erroneous, was not in direct violation or contravention of the statute; instead, that interpretation was reasonable and based upon the language in a published opinion. *See Mowery*, 145 Ga.App. at 52–53, 244 S.E.2d at 578 (action taken in direct violation or contravention of statute not reasonable). Defendant Hanover's reliance upon the methods of calculation described in the facts of *Boston Old Colony Insurance Co.*, while perhaps unwise, was not "bad faith."

In opposing this motion for summary judgment, plaintiff argued in the alternative for a continuance to permit further discovery on the issue of defendant Hanover's good faith. Plaintiff cited two cases in support of this argument: *Mid–South Grizzlies v. National Football League*, 720 F.2d 772 (3rd Cir.1983), and *Sam Wong & Son, Inc. v. New York Mercantile Exchange*, 735 F.2d 653 (2nd Cir.1984). In *Mid–South Grizzlies*, a complex antitrust case, the court noted that a continuance may properly be granted "[w]here Rule 56(f) affidavits have been filed, setting forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to...." *Mid–South Grizzlies*, 720 F.2d at 779. Such affidavit must show a legitimate basis for non-movant's inability to present by affidavit the facts essential to justify his opposition to the motion. *Id.* In *Sam Wong & Son, Inc.*, a factually complex case involving emergency actions taken by the commodities exchange in which the personal feelings and animosities of certain actors were at issue, the court stated that "summary judgment is 'particularly inappropriate' where it is sought on the basis of 'the inferences which the parties seek to have drawn [as to] questions of motive, intent, and subjective feelings and reactions.'" *Sam Wong & Son, Inc.*, 735 F.2d at 678, quoting *Friedman v. Meyers*, 482 F.2d 435, 439 (2nd Cir.1973) (other citations omitted).

The above-cited cases are distinguishable from the case *sub judice*. First, the factual scenario in this case is nowhere near as complex as that found in either an antitrust or commodities exchange case. Second, plaintiff Shipes has made no allegations regarding any personal animosities which might have motivated defendant's conduct in this case. Third, unlike the cases relied upon by plaintiff Shipes, defendant Hanover in the instant case can present sound legal justifications for its conduct. Until this court's order of September 30, 1987, the proper correlation of benefits payable pursuant to O.C.G.A. § 33–34–8(c) was in doubt. A continuance in this case would delay the inevitable.

This court determines that defendant Hanover's conduct in this case was, as a matter of law, in good faith. Thus, pursuant to Rule 56 of the Federal Rules of Civil Procedure, this court hereby GRANTS defendant Hanover's motion for summary judgment on plaintiff Shipes' claims for

bad faith penalties, attorney's fees and punitive damages.