A89A1582. THOMAS v. GEORGIA AMERICAN INSURANCE COMPANY.
(387 SE2d 401)

SOGNIER, Judge.

Tom W. Thomas, Jr. appeals from the trial court's grant of Georgia American Insurance Company's motion for summary judgment and the denial of Thomas' summary judgment motion in this declaratory judgment action.

The material facts are not disputed. Appellant was employed by B & B Trucking as a truck driver. B & B was covered by an insurance policy issued by Occidental Fire & Casualty Company of North Carolina, which provided motor vehicle liability and no-fault personal injury protection (PIP) insurance coverage in compliance with OCGA § 33-34-4 (a) (2) (the "Occidental policy"). During the relevant time period appellant also had a personal automobile no-fault insurance policy issued by appellee. On June 22, 1987 appellant, while driving a B & B truck in the course of his employment, was injured in a one vehicle accident. He made a claim for PIP benefits under the Occidental policy, which Occidental paid after reducing the available benefits pursuant to OCGA § 33-34-8 (b), (c) by the amount of medical expenses and lost wages paid by workers' compensation. Appellant then

made a demand on appellee for payment of the $975.75 in medical expenses and $1,400 in lost wages not paid by Occidental. Appellee filed this action to determine its liability to appellant, and the trial court ruled that appellant was not entitled to "stack" the basic PIP benefits available under his policy issued by appellee onto the net amount paid by Occidental, and accordingly appellee was not obligated to pay appellant's claim.

We agree with appellant that the trial court's decision is inconsistent with cases which have recognized that the no-fault benefit reduction compelled by OCGA § 33-34-8 does not apply to the employee's own insurance. In *Freeman v. Ryder Truck Lines*, 244 Ga. 80 (259 SE2d 36) (1979), the Supreme Court considered the extent to which an employee injured while occupying a vehicle owned and insured by the employer may recover no-fault benefits, and held that the employee's personal no-fault insurance was applicable even though recovery under the employer's no-fault policy was precluded by the payment of workers' compensation. After OCGA § 33-34-8 was amended in 1979 to limit the extent to which the payment of employer provided no-fault benefits would be reduced by workers' compensation benefits, Ga. Laws 1979, p. 594, § 1, the Supreme Court reaffirmed the holding that the employee also was entitled to recover under his own no-fault policy up to the basic PIP minimum. *Doran v. Travelers Indem. Co.*, 254 Ga. 63, 66 (326 SE2d 221) (1985). This principle also was recognized by this Court in *Atlanta Cas. Co. v. Sharpton*, 158 Ga. App. 758 (282 SE2d 214) (1981), and is consistent with OCGA § 33-34-8 (a), which provides that benefits payable under the Georgia Motor Vehicle Accident Reparations Act "shall not be reduced or eliminated by any workers' compensation benefits" except to the extent that no-fault insurance of the employer is reduced as required in paragraphs (b) and (c).

The trial court relied upon the recent Supreme Court decision in *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), in which workers' compensation benefits were not involved. In *Cannon* the Supreme Court addressed the question of whether the trial court correctly refused to deduct from the verdict obtained by the injured claimant both the PIP benefits paid by her own insurer and the PIP benefits available under the policy of her father, with whom she lived. The *Cannon* court held that the question of whether basic PIP coverage could be stacked under OCGA § 33-34-4 (c) must be determined by reference to the definition of "insured" in OCGA § 33-34-2 (5). Although under that provision the "insured" includes a resident relative of the named insured, the Supreme Court focused on the part of OCGA § 33-34-2 (5) denominating as an insured "any resident relative . . . while occupying . . . a motor vehicle when such motor vehicle is not similarly insured as required by [OCGA § 33-34-4 (a) (2)]."

The court then concluded that the claimant was not required to deduct from her verdict the PIP benefits available under her father's policy, finding that she was not an "insured" under her father's policy because she was driving her own car, not her father's, and her car *was* "similarly insured" by her own policy. Id. at 333-334 (3).

It is thus apparent that *Cannon* did not involve OCGA § 33-34-8, as is the situation in the case at bar, and in view of *Freeman* and *Doran*, supra, Supreme Court decisions directly applicable to the issue here, we cannot agree with the trial court's extension of the holding in *Cannon* to the case sub judice. The facts in *Freeman* and *Sharpton* (cert. denied, 158 Ga. App. 873) were identical to those in the case at bar, and accordingly we find this line of cases controlling. Moreover, OCGA § 33-34-8 (a) clearly establishes the public policy that a claimant's no-fault benefits are not to be reduced except in the limited circumstances set forth in paragraphs (b) and (c). Thus, we hold that appellant, an employee who was injured when driving a motor vehicle owned and insured by his employer and whose benefits otherwise payable under the employer's no-fault insurance were reduced or eliminated by the application of OCGA § 33-34-8 (b), (c), may stack the no-fault coverage under his personal policy up to the basic PIP minimum of $5,000. Therefore, we find the trial court erred by granting appellee's motion for summary judgment and denying appellant's summary judgment motion.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 10, 1989 —
REHEARING DENIED OCTOBER 23, 1989 —

*Mullis, Marshall, Lindley & Powell, J. A. Powell, Jr.,* for appellant.

*Jones, Cork & Miller, Wallace Miller III,* for appellee.