A90A0224. CAPES et al. v. BRETZ.
(393 SE2d 702)

BIRDSONG, Judge.

Marie Capes sued Virginia Bretz to recover damages for injuries sustained in an automobile accident. At the time of the accident, Capes was driving her husband's car which was insured under an automobile insurance policy providing basic personal injury protection (PIP) coverage required by OCGA § 33-34-4 (a) (2). She was also an insured (within the policy definitions of that term) on another automobile insurance policy providing the required basic PIP coverage for her husband's pickup truck.

Although the jury returned a verdict in her favor for $10,250, Capes appeals because the trial court "wrote down" the verdict by $5,000 since the trial court found that Capes received a $2,500 payment for her medical expenses from the PIP coverage on each policy, and because the trial court refused to permit a chiropractor to testify about his examination of Capes using a technique known as thermography. *Held*:

1. Although Capes admits she received PIP medical expense payments totalling $5,000 from the two policies, she asserts that Bretz was not entitled to a write down for the full amount because mere receipt of the payments is not controlling. Instead she contends that our Supreme Court's decision in *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730), only permits a write down under OCGA § 33-34-9 (b) for both payments if she was "eligible" to receive medical expense payments as an insured under both policies' PIP coverage within the meaning of OCGA § 33-34-2 (5).

"The *Cannon* court held that the question of whether basic PIP coverage could be stacked under OCGA § 33-34-4 (c) must be determined by reference to the definition of 'insured' in OCGA § 33-34-2 (5). Although under that provision the 'insured' includes a resident relative of the named insured, the Supreme Court focused on the part of OCGA § 33-34-2 (5) denominating as an insured 'any resident relative . . . while occupying . . . a motor vehicle when such motor vehicle is not similarly insured as required by (OCGA § 33-34-4 (a) (2)).' " *Thomas v. Ga. American Ins. Co.*, 193 Ga. App. 260, 261 (387 SE2d 401).

In this case, both motor vehicles had the basic PIP coverage required by OCGA § 33-34-4 (a) (2). Therefore, Capes was not "eligible" to receive the payment for the PIP coverage on the policy on the pickup truck under OCGA § 33-34-2 (5). *Cannon v. Lardner*, supra.

Although Bretz contends that the two vehicles in this case were not similarly insured within the meaning of OCGA § 33-34-2 (5), the record shows that the policies on both vehicles provided basic PIP coverage as required by § 33-34-4 (a) (2). Accordingly, that argument is not supported by the record.

Further, although the Supreme Court in *Cannon* noted that Cannon was occupying her vehicle and not one owned by her father, it is clear that the determinative factor in *Cannon* was whether the vehicles were similarly insured, and not ownership. *Cannon v. Lardner*, supra.

While perhaps Capes received a windfall from the second payment, Bretz is not entitled to write down what may have been a gratuitous payment from the insurance company any more than she would be entitled to write down other payments from collateral sources. (We note this cause of action arose prior to July 1, 1987, and OCGA § 51-12-1 did not apply. *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273).) Although, as Bretz suggests, insurance companies do not frequently make payments without a perceived obligation to do so, the insurance company's motives for making the second payment are not relevant to resolution of this issue. Accordingly, the trial court erred by writing down the verdict by the amount of the payment from the second policy.

2. Capes also contends the trial court erred by excluding the testimony of a chiropractor who examined her using thermography, a process that detects or locates injuries by measuring temperature differences between the parts of the body.

The trial court ruled, as a matter of law, the chiropractor was not competent to testify about "the process of thermography, its application to [Capes] . . . and the results thereof which he observed . . . during his diagnostic work with [Capes]" because thermography is not within the scope of chiropractic authorized in this state. The trial court further ruled that "any portion of [the chiropractor's testimony] which deals with thermography and its interpretation with respect to [Capes] is incompetent testimony." The trial court's reasoning was that chiropractic practices in Georgia have been strictly regulated by the legislature (see, e.g., *Foster v. Ga. Bd. of Chiropractic Examiners*, 257 Ga. 409, 416-417 (359 SE2d 877); *Metoyer v. Woodward*, 176 Ga. App. 826, 829 (338 SE2d 286)) and nothing in OCGA §§ 43-9-1 (2) or 43-9-16 authorizes the use of thermography.

Since the record shows that Capes waived any error created by this ruling, we cannot consider this issue. The transcript of the hearing on the motion to exclude the chiropractor's testimony shows that after the trial court's ruling, Capes' attorney immediately asked whether the chiropractor's deposition could be used if the portions of the testimony concerning thermography were removed and the trial court answered affirmatively. Thereafter, the attorneys for both parties agreed which parts of the deposition could be read to the jury, and, pursuant to the agreement, the jury heard the chiropractor's deposition, less those portions dealing with his qualifications in thermography and his examination of Capes using that process. Contrary to the trial court's ruling, however, the jury heard the diagnosis, prognosis, and impairment rating which the chiropractor reached based upon his examination of Capes using thermography.

"No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. *Ewing v. Johnston*, 175 Ga. App. 760 (334 SE2d 703); *J & F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504); *Marlowe v. Lanier*, 157 Ga. App. 184, 185 (276 SE2d 867)." *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536). Although we recognize that Capes' attorney sought to preserve the issue by stating that by reading the deposition he did not waive his objection to the ruling and that the trial court acknowledged that statement, merely so stating is not sufficient. A party cannot acquiesce in a ruling, receive the full benefit of the acquiescence, and then complain on appeal when the jury fails to award what the party deems sufficient damages. See *Bolden v. Car-*

*roll*, 239 Ga. 188, 189 (1) (236 SE2d 270). Accordingly, this enumeration of error is without merit.

*Judgment affirmed on condition that the trial court amend the judgment to restore the $2,500 erroneously written off. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 10, 1990 —
REHEARING DENIED MAY 1, 1990.

*Vinson, Osborne, Talley & Richardson, J. Glenn Richardson,* for appellants.

*Downey, Cleveland, Parker & Williams, William S. Allred,* for appellee.