A90A1178. GEORGIA AMERICAN INSURANCE COMPANY v.
BURNSED.
(396 SE2d 793)

DEEN, Presiding Judge.

The appellee, Remer Burnsed, was injured as a passenger in a one-vehicle accident. The vehicle was insured by American Excel Insurance Company under a policy that provided basic no-fault coverage. Burnsed recovered $2,500 under that policy, although the claim was paid by the Georgia Insolvency Pool because American Excel Insurance Company was in receivership. At the time of the accident, Burnsed had a personal automobile insurance policy issued by the appellant, Georgia American Insurance Company, that also provided the basic no-fault coverage; he commenced this action to recover $2,500 for medical expenses under that policy. This appeal follows from the trial court's denial of summary judgment for the appellant and grant of summary judgment for Burnsed. *Held*:

In *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), the

Supreme Court "addressed the question of whether the trial court correctly refused to deduct from the verdict obtained by the injured claimant both the PIP benefits paid by her own insurer and the PIP benefits available under the policy of her father, with whom she lived." *Thomas v. Ga. American Ins. Co.*, 193 Ga. App. 260, 261 (387 SE2d 401) (1989). In determining whether the basic PIP coverage could be stacked, the court focused on the statutory definition of "insured" at OCGA § 33-34-2 (5), in particular whether the vehicle involved in the collision was "similarly insured" to that under the policy in question; because the incident involved the claimant's own car, which was similarly insured, the claimant was not an insured under her father's policy, and the PIP coverage could not be stacked. *Cannon v. Lardner*, supra at 334.

Prior to *Cannon v. Lardner*, the appellee Burnsed would have been entitled to stack the basic PIP coverage provided by the secondary insurer in this case. See *General Accident &c. Corp. v. Kelch*, 158 Ga. App. 555 (281 SE2d 258) (1981). However, under *Cannon v. Lardner*, since the vehicle in which Burnsed was injured as a passenger was similarly insured to his own car under his own automobile insurance policy, Burnsed cannot be considered an insured under his personal policy in this instance. Accordingly, the trial court erred in granting summary judgment for Burnsed and in denying summary judgment for the appellant insurer.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED JULY 16, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Doremus, Jones & Smith, Julian B. Smith, Jr.*, for appellant.
*Duffy & Feemster, Dwight T. Feemster*, for appellee.