A90A1926. SLACK et al. v. SUPERIOR INSURANCE COMPANY.
(401 SE2d 307)

SOGNIER, Chief Judge.

William Slack, Jr., the minor child of William Slack and Ronda Wright, was injured while a pedestrian when struck by a car driven by Amelia Baker, and incurred medical expenses in excess of $5,000. Baker was insured by Allstate Insurance Company, which paid $2,500, the full medical coverage provided under Baker's policy. At the time of the accident, Slack had a personal automobile insurance policy with Superior Insurance Company. Slack, Jr., through his parents, made claim upon Superior for an additional $2,500 in medical benefits, which was refused. Superior then filed a declaratory judgment action to determine its obligations under the Slack policy. The trial court granted Superior's motion for summary judgment, and this appeal ensued.

Prior to the decision of the Supreme Court in *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), appellants would have been entitled to "stack" the basic PIP benefits under their own personal auto policy onto those paid by Baker's carrier. In *Cannon*, the Supreme Court held that "OCGA § 33-34-4 (c) authorizes the cumulation of coverages ('stacking') up to a total sum of $5,000. However, [the claimant] cannot cumulate coverage under *any* policy without being an 'insured' under that policy, as defined by OCGA § 33-34-4 (c). Because [the claimant] was not an 'insured' under her father's policy with respect to *this* collision, she is eligible for no economic benefits under it." (Footnote omitted.) Id. at 334 (4). Similarly, in the case sub judice, appellant Slack, Jr. is not an "insured" under his father's policy because the vehicle which struck him was covered under Baker's policy and was thus "similarly insured" under the construction of OCGA § 33-34-4 (c) given in *Cannon*, supra at 333-334 (3). Accordingly, the trial court did not err by granting summary judgment in favor of appellee.

We find no merit in appellants' argument that the Supreme Court's holding in *Cannon* did not overrule *National Gen. Ins. Co. v. Meeks*, 145 Ga. App. 830 (4) (244 SE2d 920) (1978) or *Georgia Cas. &c. Co. v. Waters*, 146 Ga. App. 149 (246 SE2d 202) (1978) in this regard. See *Georgia Am. Ins. Co. v. Burnsed*, 196 Ga. App. 626, 627 (396 SE2d 793) (1990).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1991.

McCorkle, Pedigo, Hunter & Johnson, Thomas M. Hunter, for appellants.

Brennan, Harris & Rominger, Richard A. Rominger, G. Mason White, for appellee.