S91Q0275. HUBERT v. SOUTHERN GENERAL INSURANCE COMPANY.
(403 SE2d 802)

</div>

CLARKE, Chief Justice.

This court received the following certified question from the Georgia Court of Appeals:

1. Whether a named insured, spouse of the named insured, child residing with the named insured, or resident relative of the named insured or the named insured's spouse under an automobile insurance policy is entitled to recover basic no-fault benefits, or to stack or cumulate no-fault benefits under that policy as authorized by OCGA § 33-34-4 (c), for economic loss resulting from accidental bodily injury while occupying any motor vehicle, as provided by OCGA § 33-34-7 (a) (1).

2. Whether a named insured, spouse of the named insured, child residing with the named insured, or resident relative of the named insured or the named insured's spouse under a policy of automobile insurance is entitled to recover basic no-fault benefits under that policy only for economic loss occasioned while occupying or using the insured vehicle or while occupying an uninsured vehicle as provided by OCGA § 33-34-2 (5).

The issue here is whether appellant is entitled to recover basic no-fault benefits from her own carrier when she is neither using nor occupying the insured vehicle nor injured by a non-insured motorist. The Court of Appeals finds a conflict between our cases of *Smith v. Southeastern Fidelity Ins. Co.*, 258 Ga. 15 (365 SE2d 105) (1988), and *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988).

Southern General considers *Cannon v. Lardner,* supra, dispositive of the above issue. Cannon was injured while driving her own car. She was covered by her own policy of insurance. When she was in-

jured, her insurance company wanted to stack the medical benefits under Cannon's father's policy in order to reduce its own exposure. This court found that Cannon (a child of the named insured and residing in the household) was an insured under her father's policy while using or occupying his insured car but not while using or occupying her own car. She must be an insured under a policy as defined under OCGA § 33-34-4 (c) to stack its benefits. She was not an "insured" under her father's policy because she was in her own car, which was "similarly insured."

Hubert argues that we should either limit *Cannon* to the situation of a tortfeasor trying to force stacking to reduce its own payment or reverse and reinstate the opinion of the Court of Appeals which held that Cannon could not call upon her father's policy until she exhausted her own.

*Smith v. Southeastern Fidelity Ins. Co.*, supra, involved an exclusion when the insured was involved in job related activities while "occupying" or "operating" a "motor vehicle" as defined by OCGA § 33-34-2. We said that since OCGA § 33-34-7 (a) (1) provides no-fault benefits for accidental injury while occupying any motor vehicle, the exclusion could not stand.

The Court of Appeals is apparently concerned that these two cases interpret § 33-34-7 (a) (1) differently. This section provides that the insurer of a motor vehicle will pay basic no-fault benefits for economic loss resulting from 1) accidental bodily injury sustained . . . by the insured and spouse and children if residing in the insured's household . . . while occupying any motor vehicle or while a pedestrian as the result of being struck by a motor vehicle. OCGA § 33-34-2 (5) defines "insured" as including his spouse and children residing in the household, any pedestrian struck by the insured vehicle, and any person using or occupying the insured vehicle with permission. This subsection also provides that "insured" shall include the named insured, spouse, or resident relative occupying or struck by a motor vehicle not similarly insured under OCGA § 33-34-4 (a) (2). In *Cannon* we construed § 33-34-2 (5) to mean that "occupying or using the insured vehicle" is a prerequisite for a household member to be an "insured" because this provision would be rendered meaningless if construed to mean that any resident relative was an "insured" in any eventuality involving any vehicle. If there is any inconsistency between these cases it seems to lie in the emphasis upon the words "any motor vehicle" in the *Southeastern Fidelity* case. However, it is clear from the context that the emphasis was made not to construe the statute as providing benefits no matter what vehicle an insured was occupying but to point out that the purpose for which the vehicle was being used did not provide a valid basis for an exclusion.

Rather than answering the Court of Appeals questions as posed,

we hold that there is no conflict between the cases of *Cannon v. Lardner* and *Smith v. Southeastern Fidelity Ins. Co.*, supra. These cases hold that an insured as described in OCGA § 33-34-2 (5) may recover benefits for injuries received while occupying the insured vehicle (or, if a pedestrian, struck by the insured vehicle) or when occupying or struck by a vehicle not similarly insured. Neither *Cannon v. Lardner*; *Smith v. Southeastern Fidelity Ins. Co.*, nor the present case involved a holding on the question of stacking optional coverage from an accident victim's own insurance where the victim's minimal benefits are paid by another insurer.

*Questions resolved as appears above. All the Justices concur.*

DECIDED MAY 10, 1991.

*Dallas, Fowler & Wills, Samuel A. Fowler, Jr.,* for appellant.
*Glover & Blount, Percy J. Blount,* for appellee.