A91A0789. SUPERIOR INSURANCE COMPANY v. WHITLOW.
(408 SE2d 489)

SOGNIER, Chief Judge.

Wayne C. Whitlow, as executor of the estate of Mary Shepard, brought suit against Superior Insurance Company to recover no fault funeral benefits under a policy of automobile insurance issued to his decedent's husband. The trial court denied the insurance company's motion for summary judgment but certified the order for immediate review, and we granted the interlocutory appeal.

The record reveals that Mary Shepard died in a collision while a passenger in an automobile owned and driven by Virginia Huguley. The Huguley car was insured by Georgia Farm Bureau Mutual Insurance Company under a policy providing the basic PIP coverage required by OCGA § 33-34-4 (a) (2), including a maximum funeral ben-

efit of $1,500. See OCGA § 33-34-4 (a) (2) (D). Georgia Farm Bureau paid the estate the $1,500 no fault funeral benefit pursuant to the Huguley policy. Because Shepard's estate had incurred expenses for her funeral in an amount in excess of $5,000, however, appellee, as executor of the estate, sought to cover some of the remaining funeral expenses by stacking onto the Georgia Farm Bureau benefit the $1,500 funeral benefit provided under a policy of automobile insurance issued by appellant to the decedent's husband. Appellant's refusal to pay the claim, and its subsequent motion for summary judgment, was based on its determination that *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), prohibited stacking the two funeral benefits in this case.

We agree and reverse. We find that this case is controlled by *Cannon*, supra, as urged by appellant, as well as by this court's decisions in *Slack v. Superior Ins. Co.*, 198 Ga. App. 281 (401 SE2d 307) (1991); *Georgia American Ins. Co. v. Burnsed*, 196 Ga. App. 626 (396 SE2d 793) (1990), and *Capes v. Bretz*, 195 Ga. App. 467, 468 (1) (393 SE2d 702) (1990). "In *Cannon*, the Supreme Court held that 'OCGA § 33-34-4 (c) authorizes the cumulation of coverages ("stacking") up to a total sum of $5,000. However, (the claimant) cannot cumulate coverage under *any* policy without being an "insured" under that policy, as defined by OCGA § 33-34-4 (c). Because (the claimant [in *Cannon*]) was not an "insured" under her father's policy with respect to *this* collision, she is eligible for no economic benefits under it.' . . . [Cit.] Similarly, in the case sub judice, [appellee's decedent, Shepard] is not an 'insured' under [her husband's] policy because the vehicle [in which she was a passenger] was covered under [Huguley's] policy and was thus 'similarly insured' under the construction of OCGA § 33-34-4 (c) given in *Cannon*, supra at 333-334 (3)." *Slack*, supra. Accordingly, the trial court erred by denying appellant's motion for summary judgment. See *Burnsed*, supra at 627.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 11, 1991.

*Eason, Kennedy & Associates, Carolyn J. Kennedy, Richard B. Eason, Jr.*, for appellant.
*Stokes & Associates, Fred J. Stokes*, for appellee.