A90A1084. HUBERT v. SOUTHERN GENERAL INSURANCE COMPANY.
(416 SE2d 538)

POPE, Judge.

Carolyn Hubert appeals from the trial court's grant of summary judgment to Southern General Insurance Company (Southern General) and the denial of her motion for summary judgment.

The parties have stipulated the material facts. Hubert was injured while riding as a passenger in a car which was involved in an

accident. She made a claim with the driver's insurance company and recovered $2,500 for medical expenses under the personal injury protection (PIP) provisions of that policy. Because her medical expenses exceeded $5,000, she filed a claim for an additional $2,500 PIP benefits from her insurer, Southern General. Southern General denied the claim on the basis that Hubert was seeking to stack PIP benefits in a manner not permitted by law, and filed a petition for declaratory judgment to determine its liability to Hubert under the policy. Relying on *Cannon v. Lardner*, 258 Ga. 332 (368 SE2d 730) (1988), the trial court determined that Hubert was not entitled to "stack" basic PIP benefits provided by her policy and this appeal followed. We now affirm.

Based on a perceived conflict between the holdings in *Cannon* and *Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15 (365 SE2d 105) (1988), this court certified to our Supreme Court the question of whether Hubert, the named insured under the policy, was entitled to recover basic PIP benefits from her carrier when she was neither occupying nor using the insured vehicle and was not injured by a non-insured vehicle.

In *Hubert v. Southern Gen. Ins. Co.*, 261 Ga. 227, 228-229 (403 SE2d 802) (1991), the Supreme Court resolved the certified question by finding no conflict between the cases. The court went on to state that "[t]hese cases hold that an insured as described in OCGA § 33-34-2 (5) may recover benefits for injuries received while occupying the insured vehicle (or, if a pedestrian, struck by the insured vehicle) or when occupying or struck by a vehicle *not* similarly insured." (Emphasis supplied.) Id. at 229.

In this case Hubert was occupying a vehicle which was "similarly insured" at the time she received her injuries. However, she seeks to distinguish *Cannon* on the basis that she, unlike the injured party in *Cannon*, is the named insured of the policy under which she is seeking to recover. We are constrained to disagree that such a distinction can be made. In *Georgia American Ins. Co. v. Burnsed*, 196 Ga. App. 626, 627 (396 SE2d 793), cert. denied, 196 Ga. App. 908 (1990), this court, applying the holding in *Cannon*, found that a named insured injured while occupying a similarly insured vehicle "cannot be considered an insured under his personal policy in this instance" and thus could not stack basic no-fault benefits provided by his own policy. Such is the situation in the case at bar. Consequently, the trial court's order granting summary judgment to Southern General and denying summary judgment to Hubert is affirmed.[1] See also *Slack v. Superior*

---

[1] Although Hubert argues that, notwithstanding the statutory definition of insured relied on by the court in *Cannon*, supra, she is an insured as that term is defined in her policy and thus entitled to benefits under that policy, the record shows that she did not assert that

Ins. Co., 198 Ga. App. 281 (401 SE2d 307) (1991); *Capes v. Bretz*, 195 Ga. App. 467 (1) (393 SE2d 702) (1990); cf. *Thomas v. Ga. American Ins. Co.*, 193 Ga. App. 260 (387 SE2d 401) (1989).

Judgment affirmed. *Beasley and Andrews, JJ., concur.*

DECIDED MARCH 4, 1992.

*Dallas, Fowler & Wills, Samuel A. Fowler, Jr.*, for appellant.
*Glover & Blount, Percy J. Blount*, for appellee.

---

argument in the court below nor has she included a copy of the insurance policy on which she is now relying in the record on appeal. Consequently, we need not address the merits of this argument.